Keough *v.* Yellow Cab Co. of Phila., Appellant.

Argued September 22, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*M. Randall Marston,* and with him *Bernard J. O'Connell,* for appellant.

*Maurice W. Sloan, Jr.,* and with him *Raymond A. White, Jr.,* of *Sloan, White & Sloan,* for appellee.

OPINION BY PARKER, J., December 16, 1932:

The plaintiff brought this action in trespass against the defendant to recover for personal injuries and property damage occasioned by a collision occurring at the intersection of South Third Street and Walnut Street in the City of Philadelphia. The case was submitted to a jury which rendered a verdict for the plaintiff, whereupon motions were made by the defendant for judgment n. o. v. and for a new trial. These motions having been refused, appeal was taken to this court.

From the record it appears that the plaintiff was driving his car in a northerly direction on the western side of Third Street and an agent of the defendant was driving one of its taxicabs in a westerly direction on the north side of Walnut Street between the street car tracks and the curb. The plaintiff testified that he stopped his car about eight feet south of the south curb line of Walnut Street and just as he was starting up, he looked easterly and saw the taxicab of the de-

fendant sixty or seventy-five feet east of Third Street, approaching from that direction at a rate of thirty to thirty-five miles per hour. The plaintiff continued northerly and did not notice the cab again until it was at the east line of Third Street, almost upon him. Immediately thereafter the cab collided with the rear of plaintiff's car causing the damage of which plaintiff complains. While the plaintiff subsequently attempted to modify his statement that he observed the speed of the taxicab when he was at the south line of Walnut Street by saying it was difficult to estimate the speed at that distance, he produced other witnesses who gave testimony to the same effect. The following question and answers of the plaintiff are pertinent: "A. I saw the cab on Walnut Street. Q. And it was coming at a rate of speed sufficient to cover those sixty to seventy-five feet and hit you before you got across the street—wasn't it? A. Yes." The following questions and answers also throw light on the position of the plaintiff: "Q. And instead of standing still and letting the cab go by, you started right out and went right across the street? A. My gosh, you are not supposed to— Q. Just answer the question yes or no—you did go across the street? A. I went across the street."

We have had numerous occasions to state that in a large proportion of accidents occurring at street intersections, both parties are at fault. A careful examination of the testimony leads to the conclusion that the jury would have been warranted in finding that the defendant here was negligent, and it appears as a matter of law that the plaintiff was guilty of contributory negligence. This case is ruled by the case of Brayman v. DeWolf, 97 Pa. Superior Ct. 225. There the accident occurred at a street intersection. The plaintiff was approaching the street intersection at a rate of twleve to fifteen miles per hour, and as he approached the corner, he saw the defendant on his

right on the intersecting street moving at the rate of thirty miles per hour and approximately seventy feet away. We held the plaintiff guilty of contributory negligence as a matter of law. All that is said in that opinion, and we will not repeat the reasoning, is applicable to the present controversy. The plaintiff by his own testimony convicts himself of contributory negligence. In fact, he admitted, as we have shown, that he knew the defendant's car, when at the most seventy-five feet from the point of intersection, was approaching at such a rate of speed that the plaintiff could not continue his course with safety.

The lower court and the appellee cite in support of the verdict the case of Davis v. American Ice Co., 285 Pa. 177. The facts in that case are materially different, for there the plaintiff was an invited guest to whom the negligence of the driver could not be imputed. That eliminated a consideration of the contributory negligence of the driver of the car, which is the only question with which we are here concerned. In addition, in the Davis case the plaintiff was on the right, and in this case the defendant was on the right.

In Fry v. Derito, 97 Pa. Superior Ct. 131; Petres v. Alexy, 104 do. 93, and Rocks & Andris v. Bender, 103 do. 546, the plaintiffs were on the right which presents a different situation. The confusion arises from a misunderstanding of the relative rights of two persons operating motor vehicles and approaching an intersection at about the same time. "The so-called right of way does not depend upon merely reaching the intersection first; in a race to get there first both may be, and probably will be, negligent": Brayman v. DeWolf, supra (p. 228). The provision in the Motor Code of 1929 with relation to right of way at street intersections, which act was in force at the time of the accident in question, is to be interpreted as the previous acts upon the same subject, and even though a driver on

the left arrives at the intersection first, he does not have the right to go forward "unless so far in advance of the other as to afford reasonable time to clear the crossing" without collision. It follows that one on the right may be justified in proceeding where the one on the left would not. The decisions cited by the appellee where the plaintiff had the right of way are not applicable to the instant case. Plauschinat v. Snellenberg, 100 Pa. Superior Ct. 417, cited by the appellee, was a case where the plaintiff recovered a verdict for damages to his truck occasioned by a collision at a street intersection, but the truck had been temporarily loaned to the driver for use in the driver's own business. Consequently, the negligence of the driver could not be imputed to the owner. Further, the driver of the car loaned to him was on the right with consequent right of way.

The judgment of the lower court is reversed and here entered for the defendant.