Magesiny, Appellant v. T. M. Smithian Trucking Company.

Argued October 5, 1932.

Before TREXLER, P. J., KELLER, GAW-
THROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER,
JJ.

*Abraham Blieden,* and with him *Joseph Blank,* for
appellant.

*Joseph W. Henderson,* and with him *George M. Brod-
head, Jr.,* and *Thomas F. Mount,* for appellee.

OPINION BY BALDRIGE, J., December 16, 1932:
The only dispute in this case is whether the court

was correct in concluding as a matter of law that the plaintiff was guilty of contributory negligence.

Under plaintiff's testimony, on the morning of December 31, 1931, between 10 and 11 o'clock, his one-half ton Chevrolet truck was parked on the east side of 4th Street near the curb, facing south, and about 24 feet north of the north curb line of Queen Street, Philadelphia. He started his car, and was proceeding at about five miles an hour in a southerly direction near the curb when defendant's truck, approaching from his rear in the car tracks to his right, suddenly swerved to the left directly in front of him, causing him to stop. Defendant's truck then veered to the right so that the front wheels passed the west rail of the car tracks on 4th Street, where it halted, and then suddenly and without warning backed into the plaintiff's standing truck, which resulted in damage to the truck and injury to plaintiff.

The learned court below was of the opinion that the plaintiff had sufficient time to turn on Queen Street or back on 4th Street and avoid the accident, if he had used due care as the circumstances demanded. It is true that in one part of his testimony he said that when the collision occurred he was at a standstill about 6 feet beyond the north curb of Queen Street where he had been for a period of about a minute. He qualified that statement by saying he could not state whether he was there a minute or but a second or two, and testified that before he realized what had happened, the defendant's car backed into him so quickly that he did not have a chance to avoid the accident. We do not mean to say, however, that if his car had remained at that point a full minute under the conditions that prevailed the court would have been correct in finding him guilty of negligence. The trial judge, however, was required to take all of plaintiff's testimony into consideration, notwithstanding it was contradic-

tory. If one part entitled him to go to the jury and if we assume another part did not, it was the 'duty of the fact finding body to reconcile the conflicting statements and to determine which should prevail: Cronmuller v. Evening Telegraph, 232 Pa. 14, 17, 81 A. 58. The plaintiff was entitled to the benefit of every fact and inference of fact upon which his right to recovery depended. It cannot be said as a matter of law that the plaintiff was negligent in not anticipating that the defendant would capriciously change his course and back into his standing truck. The plaintiff was in a place where apparently he had a right to be, and it was the jury's function to determine whether the collision was the result of a sudden and unexpected action upon the part of this defendant and could not have been avoided by the plaintiff's using due care.

The case of Tomey v. West Penn Rwys. Co., 300 Pa. 189, 150 A. 612, relied upon by the lower court, was entirely dissimilar in its facts from those in the case at bar, as, there, the plaintiff was injured by a trolley car as the result of his taking a position of manifest and imminent danger instead of seeking a safe place, which could have been readily done. The trial judge was not warranted in holding that such apparent danger existed in this case.

We are all of the opinion that, in the circumstances disclosed here, the question of defendant's negligence and the plaintiff's contributory negligence was for the jury.

Judgment of the court below is reversed with a venire.