Peters, Appellant, *v.* Atlas Powder Company.

116

Argued September 26, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James Gregg,* of *Gregg & Copeland,* for appellant.

*Robert W. Smith, Jr.,* of *Smith, Best & Horn,* for appellee.

OPINION BY MR. JUSTICE DREW, November 27, 1933:
This appeal is from a judgment non obstante veredicto entered for defendant in an action brought by plaintiff

to recover damages for injuries received by him when a truck which he was driving collided with a truck owned by defendant and operated by its servant.

Plaintiff testified that he was driving from Greensburg to Mount Pleasant on State Highway No. 31; that as he reached the intersection of that highway with State Highway No. 119 he slowed down and looked to his right when he was about 20 or 25 feet from the intersection, at which point his view was so obstructed by a store building that he could see along the highway only 50 or 60 feet; that seeing no vehicle approaching he proceeded, in second gear because of the rising grade, at a speed of about 15 miles an hour, without looking again to the right; that when he was at the intersection, he saw defendant's truck coming toward him from the right at a speed of 25 or 30 miles an hour, only 25 feet away; and that he turned sharply to the left to avoid a collision, but that the front of defendant's truck crashed into the right side of his truck, slightly to the rear of the cab.

The court below held that plaintiff's own testimony convicted him of contributory negligence. This was clearly correct; the only conclusion that can be drawn from his testimony is that the accident was caused, at least in part, by his own carelessness and disregard for his own safety. Plaintiff argues that when he looked to the right and saw no vehicle approaching from that direction he was entitled to assume that the road would remain clear and that he could proceed in safety without looking again to the right. A mere statement of the facts as they existed shows the unsoundness of this argument. As the driver on the left, plaintiff would have the right of way only if he reached the intersection so far in advance of a driver on his right as to afford reasonable time for him to clear the crossing and thus avoid a collision: Weinberg v. Pavitt, 304 Pa. 312; Lochetta v. Cunningham Cab Co., 98 Pa. Superior Ct. 4; Keough v. Yellow Cab Co., 107 Pa. Superior Ct. 309. When plaintiff looked to the right he was 20 to 25 feet from the in-

tersection and was proceeding at a speed of 15 miles an hour. His view to the right was only 50 to 60 feet. A vehicle just beyond the range of his vision and traveling at a not unusual speed would reach the intersection at or about the same time as plaintiff and would be entitled to the right of way; and that is exactly what happened here. On approaching the intersection, it was plaintiff's duty to be vigilant, to exercise a high degree of care, and to look, and see what was visible, before attempting to cross: Byrne v. Schultz, 306 Pa. 427. He did not perform this duty. In addition, he was bound to keep his car under control as he approached and entered the intersection, so as to be able to stop if necessary to avoid a collision or give the right of way to a vehicle entitled to it. See Galliano v. East Penn Electric Co., 303 Pa. 498; Adams v. Gardiner, 306 Pa. 576. This is particularly true under the facts of the instant case, as shown by plaintiff's own testimony that he had a view of but 50 to 60 feet when 20 to 25 feet from the intersection. "Having one's car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances": Galliano v. East Penn Electric Co., supra; Adams v. Gardiner, supra. Judged by this standard, plaintiff did not have his car under control, as it was his duty to do. The conclusion is inescapable that he went forward into a situation of obvious danger, without using the slightest care for his own safety.

Judgment affirmed.