Primio, Appellant, *v.* Haertter.

Argued October 18, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*I. G. G. Forster,* for appellant.

*Jay B. Leopold,* for appellee.

Opinion by Trexler, P. J., January 4, 1935:

This is an action of trespass for the recovery of damages resulting from the colliding of two motor trucks. Plaintiff came to the crossing, looked and saw defendant's truck 100 feet away coming at a rate of 30 or 35 miles per hour. He continued to cross the street which was about 35 to 40 feet wide, and when almost across he looked again and saw defendant's truck 50 feet away. His last look was too late to avoid the collision with the defendant's truck and the latter struck plaintiff's vehicle in the extreme rear. Evidently the plaintiff took an obvious risk. He almost escaped, but he miscalculated the distance he would cover before the other truck would be upon him. Plaintiff admitted that he could have stopped within six feet. There is no rigid rule as to how far away the approaching vehicle must be to allow another ve-

566

hicle approaching the same crossing from the side to continue to advance without its driver being guilty of negligence. Each case must be determined by the circumstances, but taking the slow advance of the plaintiff, his ability to stop in a short distance, the rapid approach of the defendant's truck and the distance to be traveled before the paths of the two trucks would intersect, we cannot escape the conclusion that under the undisputed facts in the case the accident was due to plaintiff's lack of caution. The plaintiff was not so far in advance of the other truck considering all the attending circumstances as to afford reasonable time to clear the crossing. The lower court was right in deciding, as a matter of law, that the plaintiff was negligent. See Brayman v. DeWolf, 97 Pa. Superior Ct. 225 and cases therein cited.

The judgment is affirmed.