Robinson et ux. *v.* Ondack, Appellant.

46

Argued October 2, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*John J. McDevitt, 3d,* with him *John J. McDevitt, Jr.,* for appellant.

*Herbert A. Barton,* with him *Swartz, Campbell & Henry,* for appellees.

OPINION BY KENWORTHEY, J., December 15, 1942:

This is a negligence case arising out of the collision of two automobiles. Defendant appeals from the re-

fusal of her motion for judgment n.o.v. The sole question is whether wife-plaintiff was guilty of contributory negligence as a matter of law. In stating the facts, we resolve them and the inferences in the light most favorable to plaintiffs.

The accident happened a little after two o'clock in the afternoon of January 11, 1941, at the intersection of Easton Road and Michener Street, Philadelphia. Michener Street, at this point, is 20 feet wide; the paved portion of Easton Road is 25 feet wide with shoulders 9 feet wide on each side. The streets intersect at right angles. There was nothing to obstruct the view of either driver. There were no traffic signals nor traffic signs at the intersection.

The wife-plaintiff was operating her car north on Michener Street. When she reached the south edge of the paved portion of Easton Road, she came to a complete stop and saw the defendant approaching from the east in the right-hand or north portion of the pavement of Easton Road at a distance of about one-half a city block which was estimated to be 225 to 250 feet. Plaintiff started up in low gear, looking at defendant several times as she proceeded; when the front of her car reached the middle of the paved portion of Easton Road defendant was about 75 feet away. At that point plaintiff's speed had increased to about 15 miles per hour. She continued across and was struck when the front of her car had cleared the paved portion of Easton Road. Plaintiff's car was turned around and knocked over into a field in the northwest corner of the intersection.

Plaintiff testified: "I couldn't say how fast it [defendant's car] was going. It didn't seem to me at first to be going at any unreasonable speed, but when she hit me I thought she was going very fast." The only reliable evidence of defendant's speed was her own testimony she was going about 35 miles per hour; her

negligence is to be found elsewhere, in the admission she made to a police officer that although plaintiff's car was in plain view she did not notice it until it was about 5 feet away and the two cars were about to collide.

Defendant's negligence is conceded. In our opinion, the question of plaintiff's contributory negligence was for the jury under the circumstances.

When pressed, plaintiff said she thought defendant's car was going "a normal rate of speed" which "I would say is forty-five to fifty." The argument is advanced that with this admission she conceded she proceeded to cross the path of defendant's car with knowledge it was travelling 45 to 50 miles per hour and thus tested an obvious danger. But if this "admission" amounted to more than a guess or conjecture it was in conflict with the earlier statement, repeated several times, that she was unable to estimate defendant's speed and the matter was for the jury. *Magesiny v. T. M. Smithian Trucking Co.,* 107 Pa. Superior Ct. 84, 163 A. 314; *Ely v. Pittsburgh etc. Ry.,* 158 Pa. 233, 27 A. 970. And the jury was entitled to find that defendant's speed was not 45 to 50 miles per hour but was, as defendant testified, 35 miles per hour.

In order to clear the path of defendant's car plaintiff had to travel not more than 40 feet—the width of the paved portion of Easton Road (25 feet) plus the length of her car (15 feet). Since she reached the intersection substantially in advance of defendant, she had the right of way, and being in plain view she was warranted in assuming defendant would see her and avoid the collision; she was not bound to anticipate defendant's negligence. There was nothing in defendant's conduct which put plaintiff on notice defendant was proceeding heedlessly and would not yield the right of way. Compare *Tomsel & Federal Ins. Co. v. Green,* 150 Pa. Superior Ct. 547, 29 A. (2d) 339.

Judgments affirmed.