## Lyndall et ux., Appellants, *v.* Christy, Jr.

Argued October 6, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Arthur Hagen Miller,* for appellants.

*Oliver C. Riethmiller,* for appellee.

OPINION BY BALDRIGE, J., November 18, 1943:

This case arose as the result of two automobiles colliding at intersecting streets. Judgments were obtained by the plaintiffs in a trial before WINNET, J. sitting without a jury. An appeal followed the entry of a judgment n.o.v. for the defendant because the court below concluded plaintiffs were according to their own testimony guilty of contributory negligence.

On July 1, 1942, at 11:50 A. M. Caroline E. Lyndall, accompanied in the front seat by her husband was driving their car in a westerly direction on Sumac Street, Philadelphia. The defendant was travelling in her car southward down a nine percent grade on Manayunk Avenue. Each of these streets is twenty-six feet wide with twelve foot sidewalks. Mrs. Lyndall testified that as she approached Manayunk Avenue at a speed of about fifteen miles per hour, she slowed down and looked when she was a little beyond the house line "to my right and to my left" and saw nothing. Her view to the north, or right, was at that point limited to Kalos Street, 180 feet away due to the grade of the street. She entered the intersection and was almost entirely across when she was struck by defendant's car. Mrs. Anderson who was riding in the rear seat of the Lyndall car testified when their car was about one-half way across the intersection she saw the defendant's car at Kalos Street approaching at a speed of forty miles per hour. The trial judge in his opinion entering judgment for defendant after calling attention that Mrs. Lyndall testified that her car proceeded a dis-

tance of approximately 36 feet while the defendant came beyond 180 feet said "Unfortunately, for the plaintiffs, the physical facts, the skid marks, the damage to plaintiffs' automobile on the right side about the middle clearly indicate that the car was struck while it was in the intersection and that the collision was contributed to by the failure of the plaintiffs to make a proper observation and to have the car under control at the intersection."

It was the duty of Mrs. Lyndall in approaching Manayunk Avenue, a two-way street, to look first to the left as that is the first lane of traffic in which she entered, and then as she neared the middle of the street to look to her right before entering the traffic line coming from that direction. *Freedman v. Ziccardi,* 151 Pa. Superior Ct. 159, 30 A. 2d 172. This she failed to do as she testified she looked to her right and then to her left.

Clearly Mrs. Lyndall did not discharge her legal duty of looking when she reached the curbline and continue to be on the alert for moving traffic while in the danger zone. If the required vigilance had been exercised until she was assured she could clear the intersection in advance of any approaching vehicles, this accident would not have occurred. *Shapiro et ux. v. Grabosky,* 320 Pa. 556, 184 A. 83; *Byrne et al., v. Schultz,* 306 Pa., 427, page 433, 160 A. 125. *Papkin v. Helfand and Katz,* 346 Pa., 485, 31 A. 112. *Wescott v. Geiger,* 92 Superior Ct. 80.

The court below held that the husband and wife, joint owners of their car, were engaged in a joint enterprise and that he was chargeable with his wife's negligence. As no objection was made by appellants to that conclusion it does not require any discussion by us.

We fail to find any error in the court's action in entering judgment for defendant.

Judgment affirmed.