## Affelgren, Appellant, v. Kinka.

Argued Dec. 7, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Ronald A. Anderson,* with him *John M. Smith, Jr.,* for appellant.

*Thomas E. Comber, Jr.,* with him *Pepper, Bodine, Stokes & Schoch,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 2, 1945:

A nonsuit was properly entered in this case.

Plaintiff, Karl P. Affelgren, was driving a Buick sedan southwest on Willow Grove Avenue, Philadelphia. Defendant, Leon Kinka, was operating a Ford sedan southeast on Stenton Avenue. The cars collided at the intersection.

The accident occurred in daylight, the weather was clear and the streets were dry. Willow Grove and Stenton Avenues cross one another at right angles. Above Willow Grove Avenue the macadamized roadway of Stenton Avenue, a two-way thoroughfare, is approximately 38 feet in width. As plaintiff came to the northeast curb line of Stenton Avenue he looked to his right and saw defendant's car about 300 or more feet away and approaching at a speed of 25 or 30 miles an hour. He proceeded at 3 or 4 miles an hour across Stenton Avenue and, when he reached the centre of that avenue and his car was directly abreast and immediately to the southeast of the traffic signal which is there erected, he looked again to his right and then saw defendant's car 60 feet away. This traffic signal stands on the northwest line of Willow Grove Avenue; it consists of a standard on a concrete base and shows a continuous yellow light. Plaintiff continued across the far half of Stenton Avenue, increasing his speed to 5 or 6 miles an hour. The result was that the front of defendant's car struck the right side of plaintiff's car toward the rear, the collision taking place about 8 feet to the northeast of the southwest line of the Stenton Avenue roadway; the front of plaintiff's car had passed that line, but the rear of his car was still in the intersection.

Much of the argument on appeal consisted of a discussion as to the exact point where plaintiff should have looked to his right for southeastwardly bound traffic and whether he was negligent in allowing the front part of his car to project beyond the concrete base of the

traffic signal before making the required observation. That question, however, is academic in view of the fact that the position in which his car was then placed was wholly safe inasmuch as defendant's car, keeping straight on, would have passed several feet in front of it. The only real question is whether, having looked, and having seen defendant approaching from the right 60 feet away at the rate of at least 25 miles an hour without any indication whatever of slackening speed, much less of stopping, plaintiff was justified in venturing ahead in order to beat defendant across the intersection. The inexorable result of mathematical calculation compels a negative answer. At the rate of 25 miles an hour defendant would clear the 60 feet intervening between him and plaintiff in 1.6 seconds. In that time—scarcely more than an instantaneous flash—plaintiff at 6 miles an hour would travel 14.4 feet, which would not have been sufficient for the entire length of his car to clear the path of defendant's car, or, at best, could not have avoided a collision between the two cars by more than a hairbreadth. The law does not permit the driving of automobiles into and through intersections when the possible margin of safety is so close. On the contrary, it has wisely proclaimed it to be the duty of the driver of a vehicle crossing a two-way street to look to his right as he nears the middle of the street before entering into the traffic lane coming from that direction (*Mellott v. Tuckey,* 350 Pa. 74, 77, 38 A. 2d 40, 42; *Freedman v. Ziccardi,* 151 Pa. Superior Ct. 159, 162, 30 A. 2d 172, 173; *Lyndall v. Christy,* 153 Pa. Superior Ct. 470, 472, 34 A. 2d 320) and to yield the right of way to a vehicle approaching from the right unless so far in advance of it that in the exercise of care and prudence he is reasonably justified in believing that he can cross ahead of it without danger of collision: *Weber v. Greenebaum,* 270 Pa. 382, 113 A. 413; *Alperdt v. Paige,* 292 Pa. 1, 140 A. 555; *Toyer v. Hilleman,* 320 Pa. 417, 183 A. 53. Here, plaintiff had no warrant whatever for such a belief. Defendant admits that

he himself was negligent, but plaintiff was so clearly guilty of contributory negligence that the court could not properly have submitted his case to the jury.

The order of the court refusing the motion to take off the nonsuit is affirmed.