Levine *v.* Pittsburgh Wheeling Truck Service,
Inc., Appellant.

Argued April 13, 1951. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Hamilton A. Robinson,* with him *Dickie, McCamey,
Chilcote, Reif & Robinson,* for appellant.

*John R. Bentley,* with him *Louis Dadowski, Jr.,* and
*Bentley & Dadowski,* for appellee.

OPINION BY HIRT, J., July 19, 1951:

In this action plaintiff recovered a verdict reflecting the damage to his automobile, resulting from a collision with defendant's truck in the intersection of two streets in the City of Pittsburgh. We think there was error in the refusal of the court to enter judgment n.o.v. The judgment will be reversed.

In the light of the verdict these facts appear: in mid-afternoon of November 19, 1948, plaintiff was driving his Ford sedan north on Lang Avenue. As he approached Thomas Boulevard he stopped his car although there was no Stop sign at the intersection. The two streets intersect at right angles; Thomas Boulevard is a six-lane highway about 75 feet wide and Lang Avenue a four lane highway about two-thirds that width. It was raining and the streets were wet. Plaintiff testified that when he stopped his car, and before proceeding into the intersection, he first looked to his left and saw no approaching traffic; he then looked to his right and observed defendant's truck "a distance of about 150 feet, more or less" away, proceeding westwardly toward the intersection at between 50 and 55 miles per hour. He drove into the intersection at a speed of from 10 to 15 miles per hour, and he testified: "When I continued to look I saw the truck and I accelerated my motor to get past faster"; when in the center of the intersection he last observed the truck and it was then about 75 feet away approaching "at a terrific rate of speed" which he estimated at 50 miles per hour. He nevertheless proceeded through the intersection across the path of the approaching vehicle and when the front of his car had passed the north line of the Boulevard, defendant's truck struck the rear of his car causing the damage complained of. When plaintiff was asked: "Did the driver attempt to slow the truck?" his answer was: "No, he kept on going". On cross-examination he testified that "until I came to

the middle of the intersection, he didn't slow down". And to the question: "You don't know when he began to slow down or if he slowed down?" his answer was: "No, I don't". And bearing on defendant's speed, plaintiff testified further: "After I got out of my car I noticed skid marks from the truck for a distance of 30 to 35 feet in the intersection where I had just passed".

Plaintiff's testimony in its most favorable aspects clearly convicts him of contributory negligence. It is the duty of the driver of a vehicle approaching a two-way street to look first to his left and then to his right and as he nears the middle of the street to look to his right again before entering the lane of traffic coming from that direction. *Grande v. Wooleyhan Transp. Co.,* 353 Pa. 535, 46 A. 2d 241; *Freedman v. Ziccardi,* 151 Pa. Superior Ct. 159, 30 A. 2d 172. But plaintiff in complying with the law in that respect did not discharge his full duty. He was bound to control his automobile accordingly and yield the right of way to defendant's truck approaching from his right unless so far in advance of it as to be reasonably justified in believing that he could cross ahead of it without danger of collision. *Affelgren v. Kinka,* 351 Pa. 99, 40 A. 2d 418; *Brayman v. DeWolf,* 97 Pa. Superior Ct. 225. The duty of the driver of an automobile approaching and entering an intersection is well set forth in *Peters v. Atlas Powder Company,* 313 Pa. 115, 169 A. 160. In the exercise of the high degree of care required of him he is bound to keep his car under such control as to be able to stop if necessary to avoid a collision, or to yield the right of way to a vehicle entitled to it. Here the plaintiff observed the approaching truck but did not heed the danger which his senses must have warned him as imminent. At the speed of 10 to 15 miles an hour, he probably had his car under control, but he did not attempt to stop before entering any of the three west bound traffic lanes of the Boulevard. Ac-

cording to his own testimony he must have known that
if he proceeded to cross, a collision was likely if not
inevitable. Common prudence required him to stop
under the circumstances and yield the right of way
to the truck approaching on his right and having
failed to do so he must bear the consequences. Cf.
*Tomsel et al. v. Green et al.,* 150 Pa. Superior Ct. 547,
29 A. 2d 339; *Rosato v. LaMent,* 346 Pa. 360, 30 A.
2d 698.

Plaintiff is not relieved from the charge of negli-
gence as he contends, by the holding of *Robinson et
ux. v. Ondack,* 151 Pa. Superior Ct. 45, 29 A. 2d 366.
In that case there was no definite evidence of the speed
of the defendant's car; in that material respect dif-
fering from the instant case. Nor did the defendant's
estimate of his speed at 35 miles an hour make the is-
sue one for the jury. This testimony cannot extricate
the plaintiff from the charge of negligence. We must
take the case as he himself made it even though an-
other witness may have done better for him. *Scull v.
Epstein,* 167 Pa. Superior Ct. 575, 76 A. 2d 245.

Judgment reversed and here entered for the defend-
ant n.o.v.