Stein, Appellant, *v.* Laufer.

Argued September 29, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Martin Silvert,* for appellant.

*John J. Dautrich,* with him *Thomas Raeburn White, Jr.,* and *White, Williams & Scott,* for appellee.

OPINION BY GUNTHER, J., November 11, 1953:

The automobile accident from which this action arose occurred at the right angle intersection of Sten-

ton and Willow Grove Avenues in Philadelphia. Plaintiff obtained a verdict, but judgment n.o.v. was entered for defendant, the court below concluding that plaintiff was contributorily negligent as a matter of law.

Stenton Avenue runs north and south and is 36 feet wide, while Willow Grove Avenue runs east and west. Both streets have two direction traffic. At the time of the accident it was snowing slightly and the streets were wet. There were continuously blinking traffic lights at the intersection at the time, red for Willow Grove Avenue and yellow for Stenton Avenue.

On this appeal by plaintiff we are required by the jury's verdict to view the evidence in the light most favorable to plaintiff, and to give him the benefit of every reasonable inference. Plaintiff was proceeding west on Willow Grove Avenue. He stopped his car before entering the intersection, looked both ways and saw nothing to his left and nothing to his right for a distance of some 200 feet, the maximum he could see because of obstructing trees. He proceeded to the middle of Stenton Avenue at which time he again looked to his right and observed defendant approaching at a speed estimated at 45-50 miles an hour and at a distance of 75 to 100 feet away. Plaintiff continued across the intersection until, when about three-quarters of the way across, he was struck on the right side of his car by defendant.

Plaintiff testified that when he observed defendant the latter appeared to start to slow down, but then increased his speed again. There is also some question as to exactly where the front of plaintiff's car was located when he looked to his right and saw defendant. He was either about two feet beyond the middle of Stenton Avenue or just at the middle line. It is unnecessary to locate the exact spot, however, for plaintiff admitted that he could not have stopped his

car without entering the southbound lane of Stenton Avenue.

The court below granted judgment n.o.v. for defendant on the authority of *Affelgren v. Kinka,* 351 Pa. 99, 40 A. 2d 418. That case involved an accident at the same intersection with a factual situation closely analogous. In that case the plaintiff observed defendant at a distance of 60 feet approaching at 25-30 miles an hour. Plaintiff there was nonsuited for contributory negligence.

The court below did not err in concluding that the instant case is clearly ruled by the *Affelgren* case. Defendant, traveling at 45-50 miles an hour, would cover the intervening 75-100 feet in less than two seconds— such a short space of time as to make any attempt to cross extremely hazardous. Plaintiff, however, urges that he saw defendant start to slow down momentarily. Even if true, that fact is of no significance for the testimony establishes that plaintiff had already committed himself beyond the middle of the intersection and could not have halted before reaching the southbound lane.

The defendant had the right of way because of the blinking lights. The law, therefore, required plaintiff to look to his right as he neared the middle and to yield the right of way unless so far in advance of defendant that he could reasonably attempt to cross without danger of collision. *Affelgren v. Kinka,* supra. *Toyer v. Hilleman,* 320 Pa. 417, 183 A. 53. It is clear from this record that plaintiff had no justification for assuming that he could cross without danger in the face of defendant's onrushing car. Moreover, he had already committed himself at least to enter the danger zone before he had looked to his right to observe. This is such a clear case of contributory negligence that it should not have been permitted to go to the jury.

Judgment affirmed.