## McMillan *v.* Mor Heat Oil and Equipment Co., Inc., Appellant.

Argued October 9, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, WRIGHT and WOODSIDE, JJ.

*Ralph S. Croskey,* with him *Croskey & Edwards,* for appellant.

*James C. Crumlish, Jr.,* for appellees.

OPINION BY WRIGHT, J., December 29, 1953:

This is an appeal by defendant from the refusal of the court below to enter judgment n.o.v. after a verdict in favor of plaintiff Lee McMillan in a trespass action for personal injuries and property damage resulting from a motor vehicle collision. No appeal has been taken from the judgment entered on the verdict in favor of the minor plaintiff, Harold McMillan. It is our duty to review the testimony in the light most favorable to plaintiff appellee, resolving all conflicts therein in his favor, and giving him the benefit of every fact and inference of fact reasonably to be deduced from the evidence: *Walters v. Kapiris,* 159 Pa. Superior Ct. 170, 48 A. 2d 35; *Koren v. George,* 159

Pa. Superior Ct. 182, 48 A. 2d 139. We must consider only the evidence supporting the verdict: *Olson v. Swain,* 163 Pa. Superior Ct. 101, 60 A. 2d 548; *Fuller v. Pennsylvania R.R. Co.,* 169 Pa. Superior Ct. 523, 83 A. 2d 405.

The collision occurred at the intersection of Fourth and Pine Streets in Philadelphia. Fourth Street is one-way southbound. Pine Street is one-way eastbound. Each street has 12 foot pavements and a 26 foot cartway. There is a trolley track in the center of Fourth Street. On March 3, 1950, about 7:30 in the evening, appellee was driving his automobile south on the east side of Fourth Street. The night was dark, the weather clear, and the roadway dry. Appellee testified that he was traveling at 20 miles per hour. When he got even with the north house line of Pine Street, he looked to his right (the direction from which appellant's truck was approaching on Pine Street) and saw nothing. He took his foot off the accelerator, put it on the brake, and "eased up into Pine Street". When he reached the north curb line, he first saw the lights of the approaching truck. Appellee testified (Record 8a) : "Then, as the truck was coming, it looked like he was coming at a speed of thirty or thirty-five miles an hour. Well, I still held my feet on the brakes, and it looked like he was beginning to slow down to let me pass. At that time, when I got to the curb and I was going to the front of the curb, all of a sudden it looked like he wasn't going to stop. I put my foot on the gas to get out of his way. At the same instant I did that, he banged into the right side of my car". And again (Record 10a) : "Q. What did you see when you got to the curbline? A. When I got to the curbline, I seen the lights of his car. Q. How far away? A. It seemed like he was 75 feet away. Q. Then what did you do?

A. I had my foot on my brakes. Q. Can you estimate what your speed was at that time? A. My speed had slowed down to ten miles an hour or less. I was going real slow when he began to come into me, and when I seen he was going to smash into my side, I give it gas to get out of the way".

Appellant contends that appellee was guilty of contributory negligence as a matter of law, relying principally upon section 1013 of The Vehicle Code of 1929, P. L. 905, as amended, 75 P.S. 572(a), which provides: "When two vehicles . . . approach or enter . . . an intersection at approximately the same time, the driver . . . on the left, shall yield the right of way . . ." Contributory negligence should be declared as a matter of law only when it is so clearly revealed that fair and reasonable persons could not disagree as to its existence: *Carden v. Philadelphia Transportation Co.,* 351 Pa. 407, 41 A. 2d 667; *Steffenson v. Lehigh Valley Transit Co.,* 361 Pa. 317, 64 A. 2d 785; *Gogel v. Bayer,* 165 Pa. Superior Ct. 491, 69 A. 2d 161. We have determined that such a declaration is required in the present factual situation.

Based upon the testimony of appellee which we have quoted, it is our conclusion that the two vehicles approached the intersection at approximately the same time within the meaning of the statute. It was therefore appellee's legal duty to yield the right-of-way. Instead of doing so, he assumed an obvious risk. It was impossible for appellee at 10 miles an hour or less to travel 26 feet plus the length of his car while appellant at 30 to 35 miles an hour was traveling 75 feet. Passing the proposition that appellee should have been more attentive when he first looked: *Sargeant v. Ayers,* 358 Pa. 393, 57 A. 2d 881, his second look should have given ample warning that a collision would occur if he attempted to proceed. Appellee calculated

the distance and speed so poorly that, although he stepped on the accelerator, the approaching truck hit him broadside.

The language of President Judge TREXLER in *Primio v. Haertter,* 115 Pa. Superior Ct. 564, 176 A. 58 is particularly appropriate here: "There is no rigid rule as to how far away the approaching vehicle must be to allow another vehicle approaching the same crossing from the side to continue to advance without its driver being guilty of negligence. Each case must be determined by the circumstances, but taking the slow advance of the plaintiff, his ability to stop in a short distance, the rapid approach of the defendant's truck and the distance to be traveled before the paths of the two trucks would intersect, we cannot escape the conclusion that under the undisputed facts in the case the accident was due to plaintiff's lack of caution. The plaintiff was not so far in advance of the other truck considering all the attending circumstances as to afford reasonable time to clear the crossing. The lower court was right in deciding, as a matter of law, that the plaintiff was negligent".

In the case at bar we hold that appellee was guilty of contributory negligence as a matter of law for two reasons. First, the vehicles approached the intersection at approximately the same time and appellee was the driver on the left, therefore the statute required that he yield the right-of-way. Second, appellee was not sufficiently far in advance of appellant's vehicle to afford him a reasonable opportunity to clear the crossing, and common prudence required that he should not proceed. A motorist may not lawfully enter an intersection in the face of an approaching vehicle where (as in the present case) the possible margin of safety is so close that a reasonably prudent man would not be justified in believing he had sufficient time to cross:

*Affelgren v. Kinka,* 351 Pa. 99, 40 A. 2d 418; *Curry v. Willson,* 301 Pa. 467, 152 A. 746; *Weber v. Greenebaum,* 270 Pa. 382, 113 A. 413; *Mannix v. Lamberton,* 167 Pa. Superior Ct. 393, 74 A. 2d 515.

The judgment in favor of plaintiff Lee McMillan is reversed and is here entered for the defendant.