## Franceschino *v.* Mack, Appellant.

Argued September 29, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

Paul H. Ferguson, for appellants.

Arthur M. Soll, with him A. E. Hurshman, for appellee.

OPINION BY WRIGHT, J., January 19, 1954:

Thomas J. Franceschino brought an action in trespass to recover damages for personal injuries sustained when he was pinned against a loading platform by a truck owned by appellants, hereinafter referred to as Mack. The jury returned a verdict for Franceschino, and Mack filed motions for judgment n.o.v., and for a new trial. The lower court refused to grant these motions, and judgment was entered on the verdict. Mack has appealed.

Reviewing the record in the light most favorable to the party having the verdict, *McMillan v. Mor Heat Oil and Equipment Co.*, 174 Pa. Superior Ct. 308, 101 A. 2d 413, it shows that Franceschino was employed as a warehouseman by the Potts-Farrington Company, here-

inafter referred to as Potts. This company was engaged in the business of distributing steel, and used Mack's truck for the purpose of making deliveries. The names of both Mack and Potts appeared on the truck. The driver was on Mack's payroll. Mack had the right to hire and discharge him. The gasoline and oil used in the truck was supplied by Mack, and repairs were performed in its garage. The truck was kept at the Potts plant, and the driver reported for work there. The duties of the driver were to place the truck in position for loading, and then to deliver the load. No employe of Potts accompanied the driver on the delivery, and he selected the route to be followed. On the morning of December 10, 1951, the truck driver was instructed by a Potts employe to take the truck to a loading bay in the nail warehouse on the Potts premises. While the truck was being backed into position to receive some kegs of nails, Franceschino was caught between the rear end of the truck bed and the edge of the platform.

It is not here contended that the driver was not negligent, or that Franceschino was guilty of contributory negligence. The motion for new trial is not being pressed. Mack's sole contention is that it is entitled to judgment n.o.v. on the ground that "plaintiff's evidence shows that the operator of the truck whose negligence caused the plaintiff's injury was not under the supervision and control of the defendant". Appellant's position is that, while the driver was in its general employ, he was "at the time of the alleged injury in the special employ of, and under the supervision of and control of Potts-Farrington Company. The plaintiff and operator of the defendant's truck were therefore co-employes and the plaintiff's only right is under the Workmen's Compensation Act against Potts-Farrington Company".

The law governing cases of this character is well established. The principles have been restated, and the decisions collected, in the noteworthy opinion of Mr. Chief Justice HORACE STERN in *Mature v. Angelo,* 373 Pa. 593, 97 A. 2d 59. Appellant concedes that, because it is engaged in the business of renting trucks and furnishing drivers as part of the hiring, a presumption arises that the driver remains in its employ: *Pennsylvania Smelting & Refining Co. v. Duffin,* 363 Pa. 564, 70 A. 2d 270. It contends, however, that this presumption is equalized by the presumption arising from the fact that the truck bore the Potts name: *Capozi v. Hearst Publishing Co.,* 371 Pa. 503, 92 A. 2d 177. Appellant fails to take into consideration the fact that the truck also bore the Mack name. The crucial issue was who had the right of control of the driver with regard not only to the work to be done but also to the manner of the performance of the work. The fact that employes of Potts pointed out to the driver the work to be done and the place where it was to be performed is not controlling. The jury was justified in concluding that the factual presumption that the driver remained in Mack's employ was not overcome by evidence that Potts had in fact assumed control of the driver's manner of performing the work.

Appellee called Walter E. Mauger, one of Mack's employes, for the purpose of showing that the driver was paid by Mack, and that Mack had the right to hire and discharge him. On cross-examination, Mauger testified that the truck was leased to Potts, and that the driver was under the supervision and control of Potts. The lease agreement, if there was one, was not produced. Mauger's testimony does not conclusively establish, as appellant contends, that Potts had the right to control the manner of performance of the work. It should perhaps be noted that two masters may have

control over one servant so as to render both liable: *Lindenmuth v. Steffy*, 173 Pa. Superior Ct. 509, 98 A. 2d 242. Both the lender and borrower may have control over the servant so as to render each of them liable for his conduct: *Südekum v. Animal Rescue League of Pittsburgh*, 353 Pa. 408, 45 A. 2d 59.

The cases of *Robson v. Martin*, 291 Pa. 426, 140 A. 339, and *McGrath v. E. G. Budd Manufacturing Co.*, 348 Pa. 619, 36 A. 2d 303, relied upon by appellant, are distinguished in *Pennsylvania Smelting & Refining Co. v. Duffin*, supra. In *McConnell v. Williams*, 361 Pa. 355, 65 A. 2d 243, also cited, it was held that the evidence presented a question for the jury. In the case at bar, President Judge BROWN submitted the factual issues to the jury in a comprehensive charge which was certainly not unfavorable to appellant. The evidence supports the verdict, and we find no reason to disturb it.

Judgment affirmed.