Sluganski *v.* Andrews, Appellant.

Argued November 18, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT and ERVIN, JJ. (WOODSIDE, J., absent).

*Tom P. Monteverde,* with him *James J. Burns, Jr.,* for appellant.

*Peter F. Flaherty,* with him *James P. McArdle,* for appellee.

OPINION BY HIRT, J., January 14, 1955:

In the early morning of November 16, 1948 a truck owned by Gertrude Sluganski was driven by John Sluganski north on Cedar Avenue, a four-lane highway in the City of Pittsburgh. At that time defendant's tractor-trailer was traveling west on East Ohio Street, also a four-lane road. The two streets intersect at right angles. The traffic on Cedar Avenue was governed by a blinking red light and on East Ohio Street by a blinking amber signal at the intersection. There are two sets of street car tracks in East Ohio

Street and both streets are two-way thoroughfares. The two vehicles came together in the intersection. In these actions Gertrude Sluganski recovered a verdict for damages to her truck and the jury found for John Sluganski for his personal injuries. Accordingly, in these appeals by the defendant from the refusal of the court to enter judgments in his favor n.o.v. we must accept the oral testimony supporting the verdicts and reject all of the rest. *Sorrentino v. Graziano et al.*, 341 Pa. 113, 17 A. 2d 373.

John Sluganski testified that at about 2 a.m. he was driving the truck north on Cedar Avenue and that as he came to the intersection he stopped "for the red blinker" and "looked both ways and didn't see anything coming and proceeded across East Ohio Street"; and that when he "got over to the second car tracks on the other side going north . . . along came this trailer and smashed [his car] in the back end." He stated also: "After the trailer hit me it didn't stop for a block or more." Elsewhere in his testimony he said that defendant's tractor came to a stop "about half-way down the block." The defendant's tractor-trailer came into the intersection from this plaintiff's right. The following is the testimony of plaintiff-driver on the controlling phase of these cases: "Q. When did you first see the trailer truck? A. After I got about half way across it came bearing down. Q. How far away was he when you first saw him? A. About 25 or 30 feet." This plaintiff was traveling about 7 miles per hour and he estimated that the defendant's speed was about "40 or 45 miles an hour." He testified further that when he passed the building line he could see to his right 50 or 60 feet and that after he passed a car parked at the curb on East Ohio Street, which obstructed his view to the right, he could see "a block or so" in spite of the fact that it was a "sort of misty"

morning. He admitted that the traffic was not heavy and that defendant's headlights were operating and that the tractor was proceeding on "its own right hand side of the street." He made his second observation to his right as he was approaching the center of East Ohio Street and he testified that he then saw the tractor for the first time. And although he stated that he could have stopped "dead" he said he nevertheless stepped on the gas and "tried to get across before he hit me." The back wheels of his truck were then just about "over the fourth rail" i.e., directly in the path of defendant's truck in the west bound traffic lane in which it was proceeding.

To refer to the plaintiff's testimony in its most favorable light, as we have, demonstrates the error in the refusal of judgments for defendant n.o.v. The defendant's tractor-trailer was proceeding from plaintiff's right, with only a cautionary blinking amber light against him, and both vehicles approached the intersection at about the same time. Defendant therefore had the right of way. *McMillan v. Mor Heat Oil & Equip. Co., Inc.*, 174 Pa. Superior Ct. 308, 101 A. 2d 413. But even if the question of defendant's negligence were for the jury, plaintiffs clearly are barred from recovery by the contributory negligence of the driver of their truck. It is the duty of a driver crossing a two-way street to look to his right as he nears the middle of the street before entering into the traffic lane coming from that direction and to yield the right of way to a vehicle approaching from the right unless so far in advance of it that in the exercise of care and prudence he is reasonably justified in believing that he can cross ahead of it without danger of collision. *Affelgren v. Kinka*, 351 Pa. 99, 40 A. 2d 418. In the present case, also, the plaintiff-driver had no warrant whatever for such a belief. Here (as in

348

*Levine v. Pittsburgh Wheel. Tr. Serv., Inc.,* 169 Pa. Superior Ct. 281, 82 A. 2d 77) the plaintiff-driver performed only a part of his duty. Although he looked to his right as he approached the center of East Ohio Street he failed to stop, as he was bound to do, in order to avoid a collision which was inevitable under the circumstances as, admittedly, he then observed them. *McMillan v. Mor Heat Oil & Equip. Co., Inc.,* supra; *Stein v. Laufer,* 175 Pa. Superior Ct. 29, 100 A. 2d 131.

Contributory negligence conclusively appears in these cases; the verdicts therefore cannot stand. *Sargeant v. Ayers,* 358 Pa. 393, 57 A. 2d 881.

Judgments reversed and here entered for the defendant n.o.v.