## Furia v. Perri, Appellant.

Argued June 11, 1958. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*Albert L. Bricklin,* for appellant.

*Romolo J. DiCintio,* for appellee.

Opinion by Ervin, J., September 11, 1958:

This is an action in trespass arising from a right angle collision between two automobiles. It was tried

by a judge without a jury. The court below entered judgment for the plaintiff, Edward W. Furia, in the sum of $5,000.00, and for the plaintiff, Mollie S. Furia, his wife, in the sum of $388.34. The defendant appealed from both judgments.

The action was originally commenced by Edward W. Furia and Mollie S. Furia, his wife, against Joseph Perri. The claims of the plaintiffs were severed and Edward W. Furia was made an additional defendant with Joseph Perri in the claim of Mollie S. Furia. The court below found that Edward W. Furia was free from negligence and that the accident was caused by the sole negligence of Joseph Perri. We are of the opinion that Edward W. Furia, the husband-plaintiff, was negligent as a matter of law.

The accident occurred at the intersection of Ninth and Fitzwater Streets in the City of Philadelphia on August 2, 1955 at approximately 6:00 p.m. The plaintiff, Edward W. Furia, was driving his wife's automobile, solely on his own business, in an eastwardly direction on Fitzwater Street toward its intersection with Ninth Street. The defendant, Joseph Perri, was driving his automobile in a northwardly direction on Ninth Street toward its intersection with Fitzwater Street. Ninth Street is 26 feet wide and is a one-way street for northbound traffic. There is a single trolley track in the center of Ninth Street. It is a through highway. Fitzwater Street is a two-way street, 26 feet wide, controlled by a stop sign. There is no conflict in the evidence about the parked cars. They were solid on both sides of both streets and at the southwest corner there were two trucks, one on Ninth Street and the other on Fitzwater Street, and they extended so near to the curb of each street that they almost touched. Another large truck was parked at the southeast corner on Ninth Street opposite the one on the southwest corner. This

left a "tunnel" through which defendant's car, going north on Ninth Street, had to pass. The plaintiff knew there was a stop sign confronting him but he couldn't see it because of the parked trucks. The plaintiff did not stop at the edge of Ninth Street because he could not see south thereon because of the parked trucks. However, he did stop at the first position where he could look south on Ninth Street and see approaching traffic. At this point the front of his car was about at the west rail of the Ninth Street trolley tracks. Looking right, he saw defendant 100 feet away approaching north on Ninth Street. Plaintiff could not judge the speed at which defendant was approaching but thought that the rate of approach was slow enough for him to get through the intersection. In its finding of fact the court below states that defendant approached the intersection at 20 to 25 miles per hour. The basis of this finding came from defendant's own testimony. Plaintiff then went ahead and next saw defendant's car when it was 30 feet away. The front of the plaintiff's car was then over the east rail. Defendant was coming rapidly and plaintiff tried to accelerate but was hit when the front of his car was about even with the east curb of Ninth Street. The whole right side of his car was damaged but the point of impact was at the right rear door. The defendant was driving 20 to 25 miles an hour and then slowed to 15 to 20 miles per hour by taking his foot off the accelerator near the intersection. He testified that he couldn't see the plaintiff's car until it came out in front of him. Defendant then applied his brakes but hit the middle of plaintiff's car. Defendant also knew there was a stop sign on Fitzwater Street. In traveling to the east rail of the trolley track, plaintiff was "just crawling," moving about five miles per hour, but when he observed defendant the second time he attempted to accelerate to

remove his car from the defendant's path. Neither automobile moved further after the impact.

In considering the motion for judgment n.o.v., the evidence in the case as a whole is to be viewed in the light most favorable to plaintiffs, any conflict in the testimony being resolved in their favor and the benefit of every inference of fact reasonably deducible therefrom being accorded to them: *Phillips v. Phila. Trans. Co.*, 358 Pa. 265, 266, 56 A. 2d 225. In the present case there is little, if any, conflict in the evidence. Defendant, being on the through highway, had the right of way, and plaintiff was bound to permit him to pass unless he was so far in advance that, in the exercise of reasonable care and prudence, he was justified in believing that he could cross the intersection ahead of the approaching vehicle without danger of a collision: *Schupp v. Yagle*, 149 Pa. Superior Ct. 464, 467, 27 A. 2d 290. What Judge RHODES, now President Judge, said in that case is apposite here: "We think that defendant's automobile was so close to the intersection and was traveling at such a rate of speed that plaintiff must have known that he could not cross ahead of it without testing a manifest danger. When proceeding across the intersection plaintiff was driving his automobile at about 8 miles per hour, and he could have stopped before he entered the eastbound traffic lane of Kelly Street, at which time defendant was 150 feet away and approaching at about 40 miles an hour. Instead of yielding the right of way to defendant, plaintiff attempted to cross ahead of her. Plaintiff was obliged to travel at least 20 feet plus the length of his automobile, at about 8 miles per hour, before defendant traveled 150 feet, in about 2 and ½ seconds. Reasonable prudence required plaintiff to wait for defendant to pass." To the same effect see also: *Primio v. Haertter*, 115 Pa. Superior Ct. 564, 176 A. 58; *God-*

*dard v. Armour & Co.,* 136 Pa. Superior Ct. 158, 7 A. 2d 79; *Noyes v. Sternfeld,* 164 Pa. Superior Ct. 461, 65 A. 2d 433; *Mannix v. Lamberton,* 167 Pa. Superior Ct. 393, 74 A. 2d 515; *Levine v. Pittsburgh Wheeling Truck Service, Inc.,* 169 Pa. Superior Ct. 281, 82 A. 2d 77; *McMillan v. Mor Heat Oil & Equipment Co., Inc.,* 174 Pa. Superior Ct. 308, 101 A. 2d 413; *Coventry v. Keith,* 175 Pa. Superior Ct. 504, 106 A. 2d 658.

When a motorist is traveling on a through street and his view in either lateral direction is obstructed by a physical obstacle, he has the right to proceed, with appropriate caution, on the assumption that automobilists approaching from the blind side will observe traffic laws and the rules of the road: *Hogg v. Muir,* 383 Pa. 413, 414, 119 A. 2d 53.

In the present case the plaintiff did not ignore the stop sign but, having stopped at the first place where he could see and having seen defendant's car approaching 100 feet away at 20 to 25 miles per hour, he should have remained stopped and accorded to the defendant the right of way. Plaintiff, from his stopped position, in order to clear his car from the path of the approaching automobile of defendant, would have been obliged to travel at least 10 to 12 feet across the tunnel formed by the parked cars on both sides of Ninth Street, plus the length of his own car, or a total distance of approximately 25 feet. Starting from a dead stop and traveling at approximately five miles per hour, he would have required at least four seconds to make the passage. Defendant's automobile, traveling 20 to 25 miles per hour, would require approximately three seconds to travel 100 feet. It is certain beyond doubt that plaintiff's judgment was grossly at fault. He was guilty of contributory negligence as a matter of law. His negligence could not be imputed to the wife-owner because she was not present nor was the car being used in her behalf.

In appeal No. 195, judgment is reversed and here entered for the defendant, Joseph Perri.

In appeal No. 196, judgment is reversed and here entered for plaintiff, Mollie S. Furia, against Joseph Perri, defendant, and Edward W. Furia, additional defendant, in the sum of $388.34.