Wynkoop, Appellant, *v.* McLendon.

Argued April 11, 1966.   Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*H. Ray Pope, Jr.,* for appellant.

*Robert M. Dale,* with him *Dale and Woodard,* for appellee.

OPINION BY WRIGHT, J., June 24, 1966:

As the result of a collision between two automobiles at a street intersection in the Borough of Clarion, a trespass action was instituted by Helen Wynkoop against Jane McLendon. The jury found for the plaintiff in the sum of $1250.00. The lower court entered judgment n.o.v. in favor of the defendant. The plaintiff has appealed. The factual situation appears in the following excerpts from the opinion below:

"The motion of defendant for a new trial has been abandoned. Defendant relies on her motion for judgment n.o.v.

"Main Street in Clarion Borough, which is also State Highway Route No. 322 and a through street extends in an east and west direction. It is practically level at points material to this case. At the time of the accident, October 31, 1963, at 2:30 p.m. defendant was operating a Buick automobile in a westerly direction on the north side of Main Street, which is intersected at right angles by Fourth Avenue, running north and south.

"Plaintiff, just prior to the accident, was operating a Comet automobile north on the east side of Fourth

Avenue. A stop sign was erected for Fourth Avenue traffic going north and entering Main Street, on the south side of Main Street on the east. Plaintiff stopped at the south curb line of Main Street and looked to the left and right and saw no vehicles approaching. She entered into Main Street, at a speed of three or four miles per hour, to cross the street. Main Street is 40 feet in width. When plaintiff's car reached the center line of Main Street, plaintiff again looked to the right and for the first time saw defendant's car approaching traveling toward her in a westerly direction on the north side of Main Street and at a speed in excess of the legal speed limit of twenty-five miles per hour. Defendant's vehicle was at a distance of 200 feet to the east of plaintiff's car, when plaintiff first saw her. Plaintiff testified she could have stopped her motor vehicle before entering the north half of Main Street but decided she could clear the intersection ahead of defendant's automobile. Defendant, after plaintiff first saw her car approaching, did not decrease or increase the speed of her automobile but came 'bailing at plaintiff'. Plaintiff estimated the length of her vehicle at fifteen feet. She proceeded to cross the remaining distance when she decided the defendant's Buick would hit her and she then put her Comet in second gear to avoid collision, but the cars came in contact when the rear of plaintiff's car was five feet south of the north curb of Main Street or when plaintiff's car was five feet short of clearing the intersection".

That appellee was negligent is not disputed. The action of the lower court in entering judgment n.o.v. in appellee's favor was based on the theory that appellant was guilty of contributory negligence as a matter of law. We are unanimously of the opinion to the contrary that the issue of appellant's contributory negligence was a question for the jury. The evidence must be viewed in the light most favorable to the winner

of the verdict: *O'Neil v. O'Neil*, 204 Pa. Superior Ct. 485, 205 A. 2d 687. Contributory negligence may be declared as a matter of law only when it is so clearly revealed that fair and reasonable persons cannot disagree as to its existence: *Charles v. LaRue*, 205 Pa. Superior Ct. 88, 208 A. 2d 31.

At the time appellant entered Main Street there was no traffic approaching in either direction. When she reached the center line she first saw appellee's car at a distance of 200 feet. In our view the jury was warranted in finding that appellant's decision to continue across the intersection was not unreasonable. We deem it unnecessary to burden this opinion with a separate discussion of the cases cited by the court below.[1] These same cases are relied upon in appellee's brief. The factual situations therein presented are readily distinguished from that in the case at bar.

More in point is the decision of this court in *Robinson v. Ondack*, 151 Pa. Superior Ct. 45, 29 A. 2d 366. In that case, as here, plaintiff was justified in entering the intersection. It was held that, since plaintiff was in plain sight and reasonably believed that she could safely continue to cross, she was warranted in assuming that the driver of a car approaching from the right would have her in view and avoid a collision. To the same effect is *Brizzi v. Pianetti*, 165 Pa. Superior Ct. 258, 67 A. 2d 578.

The operator of an automobile crossing a through highway from a side street is not required to yield the right-of-way if he is so far in advance of approaching

---

[1] *Affelgren v. Kinka*, 351 Pa. 99, 40 A. 2d 418; *Pugh v. Ludwig*, 409 Pa. 517, 186 A. 2d 911; *Primio v. Haertter*, 115 Pa. Superior Ct. 564, 176 A. 58; *Mellott v. Tuckey*, 350 Pa. 74, 38 A. 2d 40; *Furia v. Perri*, 187 Pa. Superior Ct. 531, 144 A. 2d 502; *Sluganski v. Andrews*, 177 Pa. Superior Ct. 344, 110 A. 2d 774; *Stein v. Laufer*, 175 Pa. Superior Ct. 29, 100 A. 2d 131; *Mannix v. Lamberton*, 167 Pa. Superior Ct. 393, 74 A. 2d 515.

vehicles that he is reasonably justified in believing he can cross the intersection without danger of a collision: *Brodsky v. Bockman,* 197 Pa. Superior Ct. 94, 176 A. 2d 924. In therein holding that the plaintiff was not guilty of contributory negligence as a matter of law, Judge WATKINS made the following pertinent statement: "We agree with the court below that whether or not the plaintiff exercised prudent care and judgment, under all the facts in this case, in concluding that she could negotiate the balance of Castor Avenue in safety after observing the defendant's car about 100 to 125 feet away . . . was a question of fact for the jury. If we were to hold otherwise, in modern traffic at metropolitan intersections, it would be impossible to cross a through highway without incurring liability, as the plaintiff in this case said, 'I would have stayed forever' ".

In summary, the lower court originally and correctly submitted the issue of appellant's contributory negligence to the jury. The verdict of the jury in appellant's favor should not have been disturbed.

Judgment reversed, and here entered for appellant on the verdict.