MARY RICCIO *vs.* MAX GINSBERG.

DECEMBER 20, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J. The action is for negligence. After jury trial and direction of a verdict for the defendant, the case is here on plaintiff's bill of exceptions. The only exception is to the direction of a verdict.

On the night before the fourth of July, 1925, plaintiff, a passenger in an automobile owned and operated by one Joseph Riccio, was injured in a collision between Riccio's automobile and an automobile owned and operated by defendant. The accident occurred at the intersection of Westminster and Union streets, in Providence. Westminster and Union streets are one way streets. Traffic on the former moves from east to west; on the latter, from south to north. Defendant was driving his automobile in a line of traffic which was moving slowly westward on Westminster street.. Riccio came out from Dorrance street, two short city blocks east of Union street, and proceeded westward behind defendant's automobile keeping about ten or eleven feet to the rear; both automobiles were moving slowly at a speed of about ten miles an hour. After coming to a stop by direction of a traffic officer, the traffic again began to move to the west. As defendant came near Union street, he saw an automobile coming therefrom onto Westminster street. This car crossed Westminster street ahead of him; he slowed up to allow it to cross and says he put out his hand as a signal for the cars behind him to stop, but before he came to a stop Riccio's car ran into him from the rear. Plaintiff and Riccio both say that defendant came to a sudden stop and did not give any signal. Viewing the evidence as we must on a motion to direct a verdict from a standpoint most favorable to the party objecting, the question is—Assuming that defendant stopped suddenly without giving any signal to the rear, was there any evidence of his negligence? If there was, it was erroneous to direct the verdict. Riccio says he was watching defendant's car, that he could have stopped within a distance of two feet if defendant had given him a signal. That Riccio was negligent, is clear. But, as plaintiff was a passenger, the negligence of Riccio does not in the circumstances impair her right of action if the defendant also was negligent. *Hermann v. R. I. Co.*, 36 R. I. 447; *O'Donnell v. United Electric Railways Co.*, 48 R. I. 18. The operator of an automobile is

bound to exercise ordinary care. The legislature (Gen. Laws, R. I. 1923, C. 98) has established certain rules for the operation of automobiles on public highways. These rules of the road (Sec. 17) require an operator upon approaching a crossing or an intersecting highway, a bridge, sharp turn or steep descent, to slow down and give a signal with horn or other signaling device, and whenever one vehicle overtakes and is about to pass another, the one in the rear shall give a timely signal and pass on the left. The violation of any such relevant regulation is evidence of negligence, but is not conclusive. The statute does not require any signal to traffic coming from the rear. But the absence of such a regulation does not always relieve an operator when he starts or stops or changes direction of the obligation to use some care for traffic in the rear. The primary duty of the operator however is to look out for the traffic ahead, either in front or on streets crossing his line of travel. The rate of speed and the course of his own automobile are subject to his control; he can easily keep at a safe distance in the rear of a vehicle ahead and it is his duty to do this.

The question whether the failure to give a signal to the rear is or is not negligence is dependent on the circumstances in each case and usually is a question of fact for the jury. The giving of such a signal is a common and commendable practice; but in deciding whether there is a legal obligation so to act in a particular case it must not be forgotten that an operator is often required to use both hands to control his own car, one for the steering wheel, the other for the emergency brake.

In the case at bar, we think that defendant was not required to signal to the rear when he stopped. Although he must have known that some automobile was following, nevertheless, with a holiday crowd moving through the street, when approaching an intersecting highway defendant's attention was properly concentrated on the traffic ahead. It was the duty of the operator of the car behind in the circumstances to look out for himself. He knew that

the automobile ahead might properly be stopped quickly at any moment; both automobiles were approaching an intersecting street and both operators were bound to proceed slowly and to stop quickly if necessary; it was the duty of the operator in the rear to control the movement of his own automobile, and to maintain a sufficient distance between the two automobiles to enable him to avoid a collision. The defendant was not negligent. But in so deciding,. to avoid any misunderstanding, we repeat that an operator is not relieved of all obligation to consider possible danger to traffic in the rear. Proper regard for the safety of himself and any passengers or guests as well as for the safety of traffic in the rear may often make it the duty of an operator when about to start or stop or to change the speed or direction of his automobile to give timely notice of his intended action.

Plaintiff's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment.

*Hogan & Hogan,* for plaintiff.
*McElroy & Fallon,* for defendant.