Magasiny, Appellant, *v.* T. M. Smithian Trucking Company.

Argued November 16, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Abraham Blieden,* and with him *Joseph Blank,* for appellant.

*Thomas F. Mount,* and with him *Joseph W. Henderson* of *Rawle & Henderson,* for appellee.

OPINION BY CUNNINGHAM, J., February 1, 1934:

This case was here once before. See 107 Pa. Superior Ct. 84, 163 A. 314. At that time we reversed the court below for refusing to take off the non-suit which it had entered at the close of the plaintiff's case. We thought we had made it plain that the plaintiff could not be held guilty of contributory negligence because he failed to back out of the way of defendant's truck, if the latter, after veering its course in such a way as to bring the plaintiff to a standstill, stopped and suddenly backed into him.

The facts as testified to by the plaintiff were as follows: On the morning of December 31, 1931, between ten and eleven o'clock, his one-half ton Chevrolet truck was halted on the east side of Fourth Street, near the curb, facing south, and about twenty-four feet north of the north curb line of Queen Street, Philadelphia. Fourth Street is a one-way street, with traffic moving southwards. He started his car and moved slowly in first gear southward, still near the curb, until the front of his car was about six feet south of the north curb line of Queen Street when the defendant's big three ton truck, which had been approaching rapidly from his rear in the car track to his right, suddenly swerved to the left directly in front of him, causing the plaintiff to come to a standstill, and then veered to the right as if to make a westerly turn into Queen Street. When the front wheels of the defendant's truck were crossing the west rail of the

car track, and the rear of the truck was only three or four feet away from plaintiff's truck the former suddenly halted and almost immediately, and without warning, backed into plaintiff's standing truck, damaging it and injuring the plaintiff.

From these facts no reasonable inference of contributory negligence on the part of this plaintiff could be drawn; and the court should have so instructed the jury, rather than suggested to them that they should find for the defendant if they thought the plaintiff should have moved his car away from defendant's truck and thus avoided the collision. The evidence did not support any such instruction. See Polonofsky v. Dobrosky, 313 Pa. 73, 169 A. 93, where the Supreme Court held, per curiam, that one traveling on his proper side of a cement highway could not be held negligent because he did not turn off the cement on to the berm to escape an approaching automobile, even though the berm was sufficiently wide to enable him to avoid a collision.

The plaintiff was where he had a right to be; he was not required to anticipate a sudden backward move on the part of defendant's driver, nor that the latter would capriciously change his course and back into plaintiff's standing truck. He could not be expected to divine the unlooked for action which defendant's driver suddenly took in order to escape a threatened collision with a third truck; and even if he had done so, the space between them was so small that the truck would have backed into him before he could reverse his gear and move back.

The defense presented at the trial was that defendant's driver had not backed into plaintiff's car, but that the latter had run into the rear of defendant's truck when its driver suddenly stopped to avoid a collision with a car traveling west on Queen Street. While the evidence of defendant's driver was contradictory, in that in one part of his testimony (p. 35) he

said "I just backed back and I heard glass fall," and on the next page he said that he did not back his truck, nor go into reverse, it was for the jury to reconcile the contradiction, if possible. Even if defendant's driver did not back his truck into plaintiff's truck, he would still be responsible for the natural consequences of the sudden and unexpected stopping of his truck, if his own negligent driving had contributed to his being placed in peril of a collision with a third truck.

We are of opinion, also, that the trial judge was not fair to the plaintiff in his discussion of the latter's injuries. There was no contradiction between the fact that the plaintiff's doctor discharged him and his statement that he still suffered pain and was unable to work. Many an injured patient, after being discharged by his doctor, may still suffer pain and be unable to work. A discharge by a doctor merely means that he has done all he can for his patient, not that the latter is free from pain and restored to the same condition he was in before he was hurt.

So, too, the plaintiff was entitled to testify fully as to the damages to his car. If after he had some repairs made to his car it was found that the motor was cracked and in such condition that the car would not run and had to be junked, he had a right to say so and the circumstance did not warrant any reference in the charge to a 'curious contradiction' in his testimony.

The first, second, third, fourth, fifth and sixth assignments of error are sustained.

The judgment is reversed and a new trial awarded.