**Girard TUCKER, Plaintiff-Appellant,**

**v.**

**John L. BLANKENMEIER, Defendant-Respondent.**

No. 46249.

Supreme Court of Missouri.

Division No. 1.

July 14, 1958.

Daniel P. Reardon, Joseph G. Stewart, St. Louis, for appellant.

Evans & Dixon, John C. Shepherd, St. Louis, for respondent.

HOLMAN, Commissioner.

In this action plaintiff sought to recover damages in the sum of $10,000 for personal injuries alleged to have been sustained by him when a car driven by defendant ran into the rear of plaintiff's car. The jury returned a verdict for the defendant. Plaintiff has appealed from the ensuing judgment and presents as his sole ground for a reversal the alleged error of the court in giving Instruction No. 3 at the request of the defendant.

The collision in question occurred at 8 a. m. on June 9, 1954, on Lawton Avenue at about the point where it intersects Channing Avenue in the City of St. Louis.

Lawton is an east-west street and at the time of the instant occurrence was a one-way street for eastbound traffic. The automobiles driven by plaintiff and defendant, respectively, were moving east on Lawton in heavy traffic. Plaintiff testified that he was driving about 20 m. p. h. and when his car got to a point about 50 feet west of Channing he noticed that the car ahead was slowing down, so he signaled with his left hand and slowed his car to three or four m. p. h. The car ahead was making a left turn. Plaintiff stated that just as his car arrived at the intersection it was struck in the rear by defendant's car. He also testified that he had been driving in the lane next to the north curb of Lawton and had not changed his lane since entering that street; that he did not see defendant's car before the collision, and that there were no caution signals or stop signs at Channing for eastbound traffic on Lawton.

Defendant's version of the events immediately preceding the collision differed somewhat from that related by plaintiff. He stated that when he entered Lawton at Grand Avenue his car was in the north traffic lane and there was one car directly ahead of him; that the cars soon accelerated to a speed of 25 or 30 m. p. h.; that as his car neared Channing signal lights on the automobile ahead indicated a left turn; that he began slowing his car and thus increased the distance between his car and the one ahead from about 30 feet to perhaps 50 feet. Defendant testified that the car driven by plaintiff "cut in" from the traffic lane on his right and "shot the hole" that existed between defendant's car and the one making the left turn; that after plaintiff's car pulled in front of him there was about 10 or 15 feet separating the two cars; that at this point the car preparing to make the left turn decreased its speed rapidly and plaintiff put on his brakes "pretty hard" and reduced his speed so that his car was going "awfully slow—practically to a stop." Defendant testified further that at the time plaintiff drove in front of him his (defendant's) car was 50 or 75

feet from Channing and was going under 20 m. p. h.; that plaintiff was going 30 m. p. h. when he cut over in front of defendant's car; that he did not see any signal from plaintiff's car; that defendant was able to slow his car to 8 or 10 m. p. h. before it struck the rear of plaintiff's car.

Upon cross-examination defendant stated that at 20 m. p. h., with his foot on the brake, he could "probably" stop his car in 40 feet; that if his foot was not on the brake he guessed he could stop the car in 60 or 70 feet.

The respective trial theories of plaintiff and defendant become apparent from the foregoing testimony. Plaintiff's theory was simply that he was driving 20 m. p. h. and, in the 50 feet before reaching Channing, had to reduce his speed to 3 or 4 m. p. h. because of the slowing of the car ahead (to make a left turn) and that defendant permitted his car to run into the rear of plaintiff's automobile. Defendant's theory was that at a point 50 or 75 feet from Channing, plaintiff, going 30 m. p. h., cut in front of him and (with only 10 or 15 feet separating the cars) suddenly reduced the speed of his car almost to a stop, and defendant applied his brakes but was unable to stop in time to avoid the collision.

Instruction No. 3 reads as follows: "The court instructs the jury that under the law governing this case the plaintiff, Girard Tucker, was under a legal duty to exercise the highest degree of care for his own safety in operating his automobile on Lawton Avenue as mentioned in the evidence. In this connection you are instructed that if you find and believe from the evidence that plaintiff was driving eastwardly on Lawton Avenue and to the right of defendant's automobile; and if you further find that plaintiff turned his automobile in front of and into the lane in which defendant was driving; and if you further find that he thereafter suddenly reduced the speed of his said automobile and thereby directly contributed to cause the collision mentioned in the evidence; and if you further

find that in so driving his automobile, plaintiff failed to exercise the highest degree of care, and was negligent; and if you further find that such negligence, if any, on the part of plaintiff directly contributed to cause said collision, then you are instructed that plaintiff is not entitled to recover, and that your verdict must be in favor of the defendant, and this is true even if you should find that the defendant was also negligent."

■ Plaintiff contends that the court erred in giving the foregoing instruction because there was no substantial evidence to support a submission of contributory negligence. In considering that contention we view the evidence in the light most favorable to the defendant. Of course, there can be no question but that plaintiff rapidly reduced his speed shortly before the collision. Plaintiff's own testimony was that he reduced the speed of his car from 20 m. p. h. to 3 or 4 m. p. h. in the 50 feet he traveled immediately before the collision. According · to defendant, plaintiff reduced his speed from 30 m. p. h. almost to a stop in the space of 50 to 75 feet just before reaching the point of collision. It would seem to be plaintiff's position that since he was compelled to suddenly slow his car to avoid a collision with the (left-turning) car ahead, and since defendant was aware of the fact that the left-turning car was slowing, defendant should have been able to reduce the speed of his car and avoid a collision with plaintiff's car in the same distance that plaintiff was able to reduce the speed of his car and thus avoid striking the car ahead.

■ The sudden and abrupt stopping or slowing of an automobile is not, under all circumstances, evidence of negligence. Such slowing or stopping will constitute negligence if there is no emergency shown to justify it, and if it is made without giving a reasonably adequate and timely warning to the drivers of vehicles following so closely behind that they may be unable (but for the warning) · to avoid a collision.

Matthews v. Mound City Cab Co., Mo.App., 205 S.W.2d 243, 248. Under the evidence in the instant case it would appear that after plaintiff cut his car into the space between defendant's car and the car that had signaled for a left turn, he was in a position where he was required to suddenly reduce his speed in order to avoid a collision with the car ahead. However, we understand the rule to be that an emergency (such as a vehicle ahead) requiring a motorist to come to a sudden stop will not preclude a finding of negligence if the emergency was produced, in part at least, by his own negligent action. Annotation, 29 A.L.R.2d 5, 42; Magasiny v. T. M. Smithian Trucking Co., 112 Pa.Super. 267, 170 A. 397; Missouri Pacific Transp. Co. v. Sacker, 200 Ark. 92, 138 S.W.2d 371; Stallard v. Atlantic Greyhound Lines, 169 Va. 223, 192 S.E. 800.

■ As we have already stated, there is evidence herein to the effect that when plaintiff's car was from 50 to 75 feet from the intersection he drove it at 30 m. p. h. into the 50-foot space between defendant's car and the car ahead, after the latter car had begun to slow down and the driver had signaled that he intended to make a left turn. The jury could reasonably have found from that evidence that plaintiff's aforementioned conduct at least contributed to create the emergency which required him to suddenly slow his car almost to a stop. Without restating the evidence, we deem it sufficient to state our conclusion that there was also substantial evidence from which the jury could reasonably have found that plaintiff suddenly slowed his car without giving a reasonably adequate and timely signal of his intention so to do, at a time when defendant's car followed so closely behind that defendant could have avoided a collision only if he had received a proper warning. The cases cited by plaintiff (Branstetter v. Gerdeman, 364 Mo. 1230, 274 S.W.2d 240, and Riccio v. Ginsberg, 49 R.I. 32, 139 A. 652, 62 A.L.R. 967) are distinguishable upon the facts and hence do not support plaintiff's contention. We rule this point against plaintiff.

Plaintiff also contends that the instruction under consideration was erroneous because it ignored essential factual issues and failed to sufficiently hypothesize facts and circumstances to properly guide the jury, but, on the contrary, gave the jury a roving commission to find against plaintiff on the ground of contributory negligence. Specifically, it is suggested that the instruction should have hypothesized facts relating to the signal of plaintiff indicating his intention to slow, and the speed and distance of the cars from the intersection at that time, and facts relating to the ability of defendant to stop and thus avoid a collision.

■ As we have indicated, it is our view that the sudden slowing of an automobile is not negligence unless the driver shall fail to give a reasonably adequate and timely warning of his intention to do so. Ritz v. Cousins Lumber Co., 227 Mo.App. 1167, 59 S.W.2d 1072; Matthews v. Mound City Cab Co., supra; Knox v. Weathers, 363 Mo. 1167, 257 S.W.2d 912; White v. Rohrer, Mo.Sup., 267 S.W.2d 31. It would therefore necessarily follow that plaintiff could not be found guilty of contributory negligence in suddenly reducing the speed of his automobile unless the jury also found that he failed to give a reasonably adequate and timely warning of his intention so to do. Such was an essential element of the submission and we hold that its omission from the instant instruction caused it to be prejudicially erroneous. As indicated, the negligence which defendant attempted to hypothesize in the instant instruction was the sudden slowing of plaintiff's automobile. However, it may be that defendant intended to draft the submission on the theory that plaintiff cut his car into defendant's traffic lane so closely in front of defendant's car that defendant could not thereafter, under the circumstances shown in evidence, and in the exercise of the highest degree of care, have avoided striking plaintiff's car, irrespective of any warning that might have been given. Under that theory, as indicated, failure to warn would not have been an essential element of the submission. It is apparent, however, that the instant instruction did not properly submit that theory. In the light of the evidence adduced, defendant, upon another trial, will have an opportunity to offer an instruction hypothesizing facts (in accordance with the views herein expressed) which will properly submit the issue of contributory negligence.

The judgment is reversed and cause remanded for a new trial.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.