In re the MARRIAGE OF Doyle J. HUNTER and Eleanor Louise Hunter.

Doyle J. Hunter, Petitioner-Respondent,

and

Eleanor Louise Hunter, Respondent-Appellant.

No. 11792.

Missouri Court of Appeals, Southern District, Division Two.

March 5, 1981.

Rehearing Denied March 27, 1981.

William A. Wear, Blythe Crist-Brown, Wear & Wear, Springfield, for petitioner-respondent.

Ivella McWhorter Elsey, Springfield, for respondent-appellant.

PREWITT, Presiding Judge.

Appellant appeals from a judgment dissolving the parties' marriage, setting apart to each party separate property and dividing marital property. She complains that the trial court erroneously found that the house where the parties resided previous to their separation, and where she resided at trial, was marital property. The court awarded the house to respondent. It was purchased prior to the parties' marriage with funds of respondent and conveyed to respondent and Eleanor Zinader, appellant's name before the marriage, as joint tenants with right of survivorship. Appellant here contends that a one-half interest in the house is her separate property.

At trial neither party claimed an interest in the house as separate property. It was treated as marital property and each party sought to be awarded all of it. Appellant cannot now change her position and contend that the residence was nonmarital property. On appeal a party is bound by the position he took in the circuit court. *State ex rel. State Highway Commission v. County of Camden*, 394 S.W.2d 71, 75 (Mo. App.1965). An appellate court will review a case only upon the theory tried and a party will be held on appeal to his theory at trial. *Moore v. State Farm Mutual Automobile Insurance Company*, 381 S.W.2d 161, 166 (Mo.App.1964). See also *Russell v. Russell*, 540 S.W.2d 626, 634 (Mo.App.1976).

In her reply brief appellant contends that the court erred in not declaring valid the parties' "antenuptial agreement". As this claim of error was not referred to in the appellant's initial brief we cannot consider it. A claim of error first set forth in a reply brief does not present an issue for appellate review. *Lytle v. Page*, 591 S.W.2d 421, 426 (Mo.App.1979).

The judgment is affirmed.

HOGAN, BILLINGS and MAUS, JJ., concur.