Michael Shane OGLE, Dexter Wayne Snyder and Derek A. Snyder, Minors, by and Through Their Guardian, John Ogle, Jr., Plaintiffs-Respondents,

v.

Thurman WEBB, Defendant-Appellant,

and

Kenneth E. Myers, Defendant.

No. 11968.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 14, 1981.

Edward J. Hershewe, Joplin, for plaintiffs-respondents.

Malcolm L. Robertson, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for defendant-appellant.

PREWITT, Presiding Judge.

This is an action to recover damages for the wrongful death of plaintiffs' mother as the result of two related automobile collisions. A jury verdict and judgment was entered in favor of defendant Webb and against plaintiffs and in favor of plaintiffs and against defendant Myers with damages assessed at $130,000. Plaintiffs' motion for a new trial as to defendant Webb was sustained on the ground that a contributory negligence instruction given was erroneous. Defendant Webb appeals. He contends that the trial court erred in failing to sustain his motion for directed verdict and in granting a new trial because: (1) plaintiffs failed to make a submissible case against him and (2) the contributory negligence instruction was not erroneous.

■ If plaintiffs did not make a submissible case against appellant, any errors in the trial are immaterial and judgment should have been entered for him. *Hayes v. Reorganized School District No. 4,* 590 S.W.2d 115, 116 (Mo.App.1979). Plaintiffs submitted their case on the theory that appellant either drove on the wrong side of the road or could have known that there was a reasonable likelihood of a collision in time to have slackened his speed and avoided it. We first consider the evidence and

reasonable inferences therefrom most favorable to plaintiffs, *Wilson v. Missouri-Kansas-Texas Railroad Company*, 595 S.W.2d 41, 44 (Mo.App.1980), to see if a case was made on their wrong side of the road submission.

The collisions occurred shortly after midnight on October 27, 1974, near the Joplin airport. The decedent, Mary K. Snyder, was the operator and her brother, Rex Ogle, a passenger in an automobile going east on Highway 171, a two lane road in Jasper County, Missouri. Defendant Myers was also eastbound on Highway 171 to the rear of the decedent's automobile. Appellant was proceeding in a westerly direction on Highway 171 toward decedent's vehicle. Appellant and decedent's vehicles were both traveling approximately 40 to 45 miles an hour. Defendant Myers testified he was going approximately 45 to 50 miles per hour. Rex Ogle testified that when he saw the headlights of appellant's vehicle "they were swerving" and, although he could not see the center line of the highway, that the vehicle "crossed the center line". Ogle believed that appellant's car went across the center line "because of the degree of the swerve". The decedent's vehicle was in its proper lane of travel. Upon seeing the headlights his sister "slowed down". When Webb's vehicle got closer "she hit her brakes". When she applied the brakes "we was just right up on it (appellant's vehicle)". About the time she applied the brakes her vehicle was struck in the rear by the Myers' vehicle and knocked across the road into the appellant's car. The second impact occurred immediately after the first with just a "split second difference between them". Defendant Myers testified that because of "a slight horizon" he first saw the decedent's automobile when he was approximately 60 feet behind it. At that time it was either stopped or going very slowly, "maybe 10 miles an hour". He did not know if the vehicle had stopped or slowed suddenly because he had not previously seen it. He swerved to the right but could not avoid it, hit the right rear and knocked it across the center line into appellant's car.

Appellant claims that there was no substantial evidence that his vehicle was on the wrong side of the road or even if there was, that it occurred at a time when he was close enough to decedent's vehicle to have breached any duty or posed any danger to decedent. Rex Ogle's testimony, that the car "crossed the center line", we believe was sufficient for the jury to find that it did so. If the jury believed that appellant's vehicle crossed the center line while approaching the decedent's vehicle, it could believe that it occurred close enough that decedent reasonably thought that a dangerous situation existed which required her to slow her vehicle. The action taken indicates that she believed a potentially dangerous situation existed. It is a reasonable inference that her observation of the movement of appellant's automobile caused her to brake and slow her vehicle. See *McColgin v. Morgan*, 592 S.W.2d 263, 268 (Mo. App.1979). The jury could find that the decedent slowed her automobile because appellant's vehicle was across the center line and as a result of this slowing, her vehicle was struck by the Myers' vehicle. That the appearance of danger might not have ripened into an accident except for her actions does not prevent plaintiffs' recovery as the jury could have found that the decedent could reasonably have concluded that there might be a collision unless she took action to avoid it. Id. 592 S.W.2d at 268–269. See also *Hall v. Rager*, 357 S.W.2d 83, 86–87 (Mo.1962). We believe a submissible case was made that defendant Webb's vehicle was on the wrong side of the road. Point one is denied.

Appellant's second point contends that the contributory negligence instruction he submitted was proper and not a basis for the grant of a new trial. That instruction said:

"Your verdict must be for defendant Thurman Webb if you believe:

First, Mary K. Snyder either stopped or slowed her automobile in a lane reserved for moving traffic, and

Second, Mary K. Snyder was thereby negligent, and

Third, such negligence of Mary K. Snyder directly caused or directly contributed to cause any damage plaintiffs may have sustained."

■ This instruction modified MAI 17.20 by adding "either" before stopped and "or slowed" after stopped. Plaintiffs contend that slowing by itself is not negligence and the instruction should have required the jury to find facts in addition to the slowing that would make it negligence. Slowing a vehicle is negligence if it is sudden without a proper warning and if there is no emergency to justify it, *Worley v. Tucker Nevils, Inc.*, 503 S.W.2d 417, 419 (Mo. banc 1973); *Tucker v. Blankenmeier*, 315 S.W.2d 724, 726–727 (Mo.1958), or reducing to "such a slow speed as to impede or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law." § 304.011, RSMo 1969; *Lafferty v. Wattle*, 349 S.W.2d 519 (Mo.App.1961). *Tucker* held that an automobile operator was not guilty of contributory negligence in suddenly reducing his speed unless the jury found that he failed to give a reasonably adequate warning. Failure to give such a warning was held to be an essential element of this submission. MAI 17.11 follows the rule stated in *Tucker*.

■ Appellant does not claim that decedent was contributorily negligent because of a sudden stop or slowing. He contends that this was an occasion where the stopping or slowing was neither sudden nor unsignalled but still negligent as discussed in the committee's comments to MAI 17.20. He claims that MAI 17.20 as modified was proper and MAI 17.11 and 17.12 were not. Implicit in the use of MAI 17.12 "is the belief that under the applicable facts a gradual or well signalled stop would have been negligent and would have given those who were following the opportunity to avoid a collision". *Certa v. Associated Building Center, Inc.*, 560 S.W.2d 593, 597 (Mo.App.1977). In that well reasoned opinion the court considered the distinction between using MAI 17.12 and MAI 17.20. It held that MAI 17.20 is "appropriate and mandatory in a situation in which the theory of negligence lies not in the nature of the stop, be it unsignalled, sudden or otherwise, but in the fact that the party stopped *at all.*" We believe that this is such a situation. The evidence showed that the manner of stopping or slowing decedent's vehicle was irrelevant as that had already occurred when the vehicle was first seen by Myers. MAI 17.11 and 17.12 are applicable where a car is being closely followed and a warning would be of aid to the following driver. Myers claimed to have taken evasive action as soon as he saw decedent's vehicle and there was no evidence that a signal would have added anything to his ability to have avoided it.

However, that this was the proper instruction to modify does not mean that the modification was correct. There is a significant distinction between submitting stopping and slowing. In using the highest degree of care, stopping on the traveled portion of a roadway is avoided, when possible, and only done when necessary; whereas, slowing occurs regularly. Slowing has various degrees, many of which would not be considered negligence. There was evidence here from which the jury could have found that decedent slowed slightly, or slowed from 45 to 10 miles per hour or less. We believe that the instruction was erroneous as it did not give the jury a standard to determine when slowing would be negligence. It should have required the jury to find that decedent slowed the automobile to a speed which would impede the reasonable movement of traffic and such speed was not reasonably necessary for safe operation of the vehicle. Point two is denied.

The order granting a new trial is affirmed and the cause remanded for that purpose.

HOGAN and BILLINGS, JJ., concur.