443 A.2d 1179

**David TROST, Appellant,**

v.

**PORRECO MOTORS, INC.**

Superior Court of Pennsylvania.

Submitted April 15, 1981.

Filed April 2, 1982.

Cygne L. Nemir, Erie, for appellant.

Joseph T. Messina, Erie, for appellee.

Before CAVANAUGH, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

Appellant (Purchaser) filed an action in assumpsit against Appellee (Vendor) for damages of $8,876.00, plus attorney's fees under the Consumer Product Warranties Act.[1] Appellant alleged a breach of a warranty of merchantability on a

1. Section 2310(d)(2) of 15 U.S.C.A. § 2301 et seq. (1980 Supp.) states:

jeep that he purchased from Appellee.[2] Appellant also alleged that he had revoked his acceptance of the jeep.[3]

The court, sitting without a jury, found that a breach of warranty had occurred. As damages for the breach of warranty, the court relieved Appellant of his obligation to pay the remaining portion ($4,777.82) of the purchase price due under the installment sales contract.

Because Appellant had driven the jeep more than 26,000 miles in fifteen (15) months before he returned it to Appel-

(2) If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

2. 12A P.S. § 2–714 states:

(1) Where the buyer has accepted goods and given notification (subsection (3) of Section 2–607) he may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.

(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

(3) In a proper case any incidental and consequential damages under the next section may also be recovered.

Current version at 13 Pa.C.S.A. § 2714 (effective Jan. 1, 1980).

3. The relevant portion of 12A P.S. § 2–608 states:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it

(a) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or

(b) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

Current version at 13 Pa.C.S.A. § 2608 (effective Jan. 1, 1980).

lee, the trial court rejected the theory that Appellant had revoked acceptance. Also, the court denied Appellant attorney's fees under 15 U.S.C.A. § 2310.

Appellant's exceptions were denied by the court en banc, and judgment was entered against Appellee.

In this appeal, Appellant raises three issues. First, did Appellant revoke his acceptance of the jeep under 12A P.S. § 2–608? Second, did the court err in denying Appellant's claim for out-of-pocket expenses incurred while he operated the jeep? Third, did the court err in denying Appellant attorney's fees under 15 U.S.C.A. § 2310?

■ Although Appellant cites *Conte v. Dwan Lincoln-Mercury, Inc.*, 172 Conn. 112, 374 A.2d 144 (1976), as support for his first issue, we note that the following principle was stated in that case:

Whether goods are substantially impaired by nonconformity and whether revocation of acceptance is given within a reasonable time are questions of fact subject to the jury's determination. [Citations omitted.]

*Id.* at 121, 374 A.2d at 148.

■ In the instant case, the trial judge sat as fact-finder. After a comprehensive review of the entire record, we find no reason to reverse the trial court's holding that Appellant was not entitled to assert revocation of acceptance.

■ Since Appellant's entitlement to out-of-pocket expenses is dependent upon a finding that he revoked acceptance of the jeep,[4] this issue lacks merit.

---

**4.** The relevant portion of 12A P.S. § 2–711 states:
    (1) Where the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract (Section 2–612), the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid
    (a) "cover" and have damages under the next section as to all the goods affected whether or not they have been identified to the contract;
Current version at 13 Pa.C.S.A. § 2711 (effective Jan. 1, 1980).

■ Regarding Appellant's third issue, section 2310(d)(2) of 15 U.S.C.A. specifies that the allowance of damages is within the discretion of the court. Since we do not find that the trial judge abused his discretion in the instant case, this issue also lacks merit.

For the foregoing reasons, the order of July 14, 1980, is affirmed.