TRIAD SYSTEMS CORPORATION, Plaintiff–Appellant,

v.

Dale ALSIP, d/b/a Mr. Automotive of Duncan, Defendant–Appellee.

No. 87–2603.

United States Court of Appeals, Tenth Circuit.

June 12, 1989.

Mark K. Stonecipher (James M. Chaney with him on the brief), of Kirk and Chaney, Oklahoma City, Okl., for plaintiff-appellant.

Dewey Hays Foster (Carroll E. Gregg with him on the brief), of Gary L. Brooks & Associates, Oklahoma City, Okl., for defendant-appellee.

Before McKAY, MOORE, and BRORBY, Circuit Judges.

PER CURIAM.

This is a case arising out of the sale of a computer system by Triad Systems Corporation, the appellant, to Mr. Dale Alsip, the appellee, for use in Mr. Alsip's automotive parts supply store, Mr. Automotive of Duncan. Triad brought this action seeking to recover the full purchase price for the system plus payment for its maintenance and service of the system. Mr. Alsip counterclaimed, seeking a refund of the purchase price based on his alleged revocation of acceptance of the system.

After a six-day trial, the jury returned a verdict for Mr. Alsip, awarding him a refund of the amount paid to Triad, less a setoff for the value of his use of the equipment prior to revocation of acceptance. Triad appeals, arguing that Mr. Alsip's attempted revocation of acceptance was ineffective as a matter of law, that the contract for the sale of the system further limited Mr. Alsip's ability to revoke acceptance, and that the court erroneously permitted parol evidence regarding certain statements of Triad's personnel made prior to execution of the contract. We affirm.

Triad's first assertion of error concerns the propriety of submitting the issue of Mr. Alsip's purported revocation of acceptance to the jury. Triad contends that the uncontroverted facts demonstrated, as a matter or law, that Mr. Alsip's revocation was ineffective under § 2–608 of California's Uniform Commercial Code (U.C.C.), Cal.Com.Code § 2608 (West 1964), because of substantial changes in the equipment

prior to revocation and because of Mr. Alsip's pre- and post-revocation use of the equipment. We disagree.

■ Whether a party's revocation of acceptance is effective in any given case is dependent upon the facts and circumstances surrounding the revocation, and is normally a question for the trier of fact. *See Four Sons Bakery, Inc. v. Dulman*, 542 F.2d 829, 832 (10th Cir.1976); *Trost v. Porreco Motors, Inc.*, 297 Pa.Super. 393, 443 A.2d 1179, 1180 (1982). In order for us to conclude that submission of this case to the jury was improper, we would have to find that reasonable minds could not differ as to whether Mr. Alsip's revocation was proper. *See Federal Deposit Ins. Corp. v. Palermo*, 815 F.2d 1329, 1335 (10th Cir.1987). Based on the evidence in this case, such a conclusion would be clear error.

Viewing the facts in the light most favorable to Mr. Alsip, there is sufficient evidence to show that Mr. Alsip's use of the Triad system for more than two years after it was first delivered was not unreasonable. The record indicates that the System 5 which Mr. Alsip received never operated as expected. In addition, certain components of it were completely replaced only six months after installation. Further evidence suggests that Mr. Alsip's delay in revoking his acceptance of the system was based on Triad's assurances that certain newly developed software would meet Mr. Alsip's reporting and information requirements, but that Mr. Alsip would have to replace the System 5 with a System 7. Mr. Alsip then purchased the System 7 approximately one year after receiving the original system from Triad, and again certain software malfunctioned or was completely inoperable. Only when Mr. Alsip concluded that the new system simply would not generate the reports he required, after repeated attempts by Triad to correct the problem, did he revoke his acceptance. We think on the basis of this evidence that the jury could conclude that Mr. Alsip's revocation was reasonable under all the circumstances. *See Aubrey's R.V. Center, Inc. v. Tandy Corp.*, 46 Wash.App. 595, 731 P.2d 1124 (1987) (purchaser's revocation of acceptance of computer system which did not function as an integrated whole was reasonable).

■ Triad also asserts that revocation was barred by Mr. Alsip's continued use of the system after notice of revocation and by certain changes in the condition of the system. The fact that Mr. Alsip may have used the system for certain purposes subsequent to revocation does not as a matter of law bar revocation, as long as such use is reasonable. *See CPC Int'l, Inc. v. Techni–Chem, Inc.*, 660 F.Supp. 1509, 1514–15 (N.D.Ill.1987). Whether that use is reasonable is a question of fact for the jury, *Aubrey's R.V. Center, Inc.*, 731 P.2d at 1130. Based on our review of the record, there is little evidence suggesting unreasonable use. As to Triad's allegations that a substantial change in the condition of the system had occurred, this, too, is an issue for the jury's determination. *See Sumner v. Fel–Air, Inc.*, 680 P.2d 1109, 1116 (Alaska 1984). We believe that the jury could properly conclude that rodent droppings and debris in the equipment and one stolen display terminal was not such a substantial change in the condition of the equipment as to prevent revocation, especially when there is evidence that some of this damage could have been prevented had Triad diligently pursued collection of the equipment.

■ Triad next contends that express language in its contract with Mr. Alsip precluded his revocation of acceptance of the system. Such language provided, *inter alia*, that "[a]t any time during the 60–day System Evaluation Period, the Customer may notify Triad in writing of Customer's intent to revoke its purchase of the System.... Upon timely receipt by Triad of such notice of revocation, Customer shall promptly return the System to Triad, and Triad shall then promptly refund all sums paid hereunder by Customer to Triad." The contract contained no limitation of basis for revocation during this period; it appears that the customer could return the system for any reason if it were dissatisfied.

In response to Triad's argument that this provision limited Mr. Alsip's right to return

the system to only the first 60 days after delivery, the district court ruled that the System Evaluation Period was not a limitation of Mr. Alsip's U.C.C. § 2–608 right to revoke, but an expansion of that right. We are in full agreement. Section 2–608 provides that "[t]he buyer may revoke his acceptance of a lot or commercial unit *whose nonconformity substantially impairs its value to him....*" Cal.Com.Code § 2608(1) (emphasis added). The Triad contract does not require a nonconformity impairing value to justify revocation of acceptance, only a desire on the part of the customer to return the system. Consequently, we view this contract language as simply expanding upon the customer's normal remedies under the U.C.C., in line with the presumption that clauses prescribing remedies are cumulative rather than exclusive. Cal.Com.Code § 2719(1)(b); *Polycon Indus., Inc. v. Hercules, Inc.*, 471 F.Supp. 1316, 1325 (E.D.Wis.1979).

■ Triad's final argument in this appeal is that the district court erred in permitting Mr. Alsip to introduce evidence of pre-contract oral representations and warranties made by Triad salespersons, and that such testimony violated the parol evidence rule, Cal.Com.Code § 2202. The district court permitted this testimony on the grounds that it was simply an explanation of the equipment and software purchased by Mr. Alsip and that it could be introduced for the purpose of explaining or supplementing the contract's terms, a purpose expressly sanctioned by the rule. We concur with this reasoning. *See Carl Beasley Ford, Inc. v. Burroughs Corp.*, 361 F.Supp. 325, 332–33 (E.D.Pa.1973), *aff'd*, 493 F.2d 1400 (3d Cir.1974).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.