**DAVID COOPER, INC., d/b/a Town and Country Supermarket, Plaintiff–Respondent,**

v.

**CONTEMPORARY COMPUTER SYSTEMS, INC., Defendant–Appellant.**

No. 17939.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 5, 1993.

**778**

Dwight Douglas, Douglas, Douglas, Johnson & Wood, Neosho, for plaintiff-respondent.

Alan B. Gallas, Gallas & Schultz, Kansas City, for defendant-appellant.

PREWITT, Judge.

This action was brought to recover the purchase price of computer software. Fol-lowing a nonjury trial judgment was entered in favor of plaintiff. Defendant appeals.

Review is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty,* 788 S.W.2d 359, 361 (Mo.App.1990).

Due regard is given to the trial court's determination of the credibility of witnesses. Rule 73.01(c)(2). "The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record." *Kelley v. Prock,* 825 S.W.2d 896, 897 (Mo.App.1992). No findings of fact were requested or made. All facts therefore are considered as having been found in accordance with the result reached. Rule 73.-01(a)(2).

Respondent operates a supermarket in Anderson, Missouri. The parties contracted regarding respondent purchasing accounting software for the supermarket. After preliminary negotiations a contract was entered into in February 1988. The software purchased had not previously been used with the type of operating system that respondent had, other than in tests at appellant's office. However, appellant's agents assured respondent of the compatability of the two systems. The contract for sale included a "Special Amendment" which read:

"If within ninety days (90) of installation date, Contemporary Computer Systems, Inc.'s, Systems are not functioning as represented, then buyer may return systems to Contemporary Computer Systems, Inc., at no expense."

Installation of the system was completed April 1, 1988. The president of respondent testified that April through June 1988 he made several complaints by telephone to appellant regarding the system. In June 1988 appellant's president called respondent's president requesting payment. Respondent's president testified he ques-

tioned the workings of the system saying there were "problems" and he was not "satisfied" with it. He testified he was assured by appellant's president that all problems would be worked out and was asked to tender the amount due. Respondent paid appellant $10,338.36. Appellant's president denied that any reports of problems with the system were made.

On July 20, 1988 respondent sent a letter to appellant stating that the system was not working as anticipated and requested a refund of the amount paid. Appellant refused to pay the money and this suit was filed. The trial court found in favor of respondent and entered judgment against appellant for $10,338.36.

The parties agree that the case was tried under the assumption that the Uniform Commercial Code is applicable and both urge this court to follow it on appeal. As that was the position of the parties in the trial court, that will be the assumption of this court, without deciding whether the Uniform Commercial Code should be applicable.

■ An appellate court reviews a case only upon the theory tried and a party will be held to that theory on appeal. *In re Marriage of Hunter*, 614 S.W.2d 277, 278 (Mo.App.1981). "On appeal a party is bound by the position he took in the circuit court." *Id.*

Appellant contends that the election to rescind was invalid because it was not made within 90 days as set out in the special amendment. Respondent counters that the 90–day provision was not an exclusive remedy. It further argues that even if it was an exclusive remedy, the time was extended due to assurances made by appellant's president.

■ Section 400.2–719, RSMo 1986, a part of Missouri's version of the Uniform Commercial Code states in part:

(1) Subject to the provisions of subsections (2) and (3) of this section and of section 400.2–718 on liquidation and limitation of damages,

(a) the agreement may provide for remedies in addition to or in substitution for those provided in this article and may limit or alter the measure of damages recoverable under this article, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts; and

(b) resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

As the 90–day provision does not expressly make it the only remedy, it is not exclusive and respondent had a reasonable time to reject the system. See *Triad Systems Corp. v. Alsip*, 880 F.2d 247 (10th Cir.1989); *Polycon Industries, Inc. v. Hercules Inc.*, 471 F.Supp. 1316 (E.D.Wis. 1979); *Hollingsworth v. The Software House, Inc.*, 32 Ohio App.3d 61, 513 N.E.2d 1372 (1986).

"Absent a specific provision in the contract, the buyer has a reasonable time within which to determine whether or not the goods are defective and such reasonable time depends upon all of the circumstances surrounding the transaction." *Stephens Industries, Inc. v. American Express Co.*, 471 S.W.2d 501, 504 (Mo.App.1971).

"The actions of the parties may affect what constitutes a reasonable time. Thus, where the buyer complains about defects in the goods and the seller persuades him to keep the goods while the seller attempts to remedy the defects, the reasonable time within which to rescind the contract is extended by such persuasion of the seller." *Id.*

■ In the present case there was evidence of numerous complaints and assurances by the appellant's president that those problems would be corrected. The evidence of respondent was that the problems were never corrected. The trial court could find that respondent acted within a reasonable time to reject the system and under its limited review, this court cannot say that the trial court erred in making that determination.

Appellant also contends that there was no substantial evidence that appellant breached the express warranty made regarding the software. Respondent's president testified at length, without objection,

of numerous problems present when the software was installed which were never corrected.

An employee working in the "capacity" of "bookkeeping, accounting" testified that she had been using computers during her six years on the job. She had no knowledge of computers other than what she had learned while working for respondent. She testified without objection to numerous uncorrected problems with the software.

Appellant emphasizes that there was no expert testimony and no proof that the software would not perform in accordance with appellant's "documentation". That "documentation" was referred to in the agreement between the parties and was apparently included within an exhibit before the trial court. That exhibit was not filed with this court. It is therefore "considered by the court as immaterial to the issues on appeal." Rule 81.15.

■ The intendment and content of an exhibit, not filed with an appellate court, will be taken as favorable to the trial court's ruling. *Fidelity and Cas. Co. of New York v. Wrather,* 652 S.W.2d 245, 251 (Mo.App.1983).

■ If expert testimony was necessary, the witnesses who testified for respondent may have qualified as "experts" due to their experience. However, no objection to their testimony was made. They testified to numerous problems with the systems which justified the trial court's conclusion.

Appellant has not demonstrated that the trial court's determination was not supported by substantial evidence, was against the weight of the evidence or erroneously declared or applied the law. Therefore, its ruling is not to be disturbed.

The judgment is affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.