**Michael Lee McDANIEL, Petitioner–Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

**No. 19007.**

Missouri Court of Appeals, Southern District, Division Two.

May 5, 1994.

Mike Holzknecht, New Madrid, for petitioner-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

PREWITT, Judge.

The Department of Revenue notified petitioner that his privileges of operating a motor vehicle were being suspended because he was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in his blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood. See § 302.505, RSMo Supp.1993. He sought trial de novo under § 302.535, RSMo 1986, of an administrative decision upholding the suspension. Following trial and a decision adverse to him, petitioner appeals.

Review of this nonjury case is under Rule 73.01(c). As that rule is interpreted, this court is to sustain the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Thomas v. Depaoli,* 778 S.W.2d 745, 747 (Mo.App.1989). Due regard is given to the opportunity of the trial judge to determine the credibility of witnesses. Rule 73.01(c)(2). The trial judge can disbelieve testimony even when uncontradicted. *Robinson v. Estate of Robinson,* 768 S.W.2d 676, 677 (Mo.App.1989).

Petitioner has two contentions on appeal, both questioning the sufficiency of the evidence. He claims there was no evidence that he was operating a motor vehicle, nor establishing probable cause to arrest him. Neither has merit. In determining whether there was sufficient evidence to support the trial court's determination, the evidence and reasonable inferences drawn from it are considered in the light most favorable to the prevailing party. *McClanahan v. Deere & Co.,* 648 S.W.2d 222, 223 (Mo.App.1983); *Ogle v. Webb,* 623 S.W.2d 582, 583–584 (Mo.App. 1981).

A police officer testified that he saw a vehicle with its left taillight out and stopped it. As the driver exited the vehicle, he saw him "stagger" and the officer noticed the strong odor of an intoxicating beverage about the driver. He saw that the driver's eyes were bloodshot and runny. He then contacted another officer who performed a field sobriety test. The initial officer testified he called for the additional officer because he was "not completely sure" that the driver was intoxicated. The assisting officer had no such doubts and testified that defendant was intoxicated.

In his testimony petitioner stated that he had been drinking that night while "just driving around." He said his taillight on his vehicle was out, but he did not feel he was intoxicated at the time he was "stopped". A report prepared by one of the officers was admitted in evidence and although the parties were notified by this court to file any exhibits, it was not filed here. The state claims the report identified the petitioner as driving a motor vehicle just before being arrested. "The intendment and content of an exhibit, not filed with an appellate court, will be taken as favorable to the trial court's ruling." *David Cooper v. Contemporary Computer*, 846 S.W.2d 777, 780 (Mo.App. 1993).

The evidence was sufficient to establish that petitioner was operating a motor vehicle and probable cause to arrest was shown. *Cf. Stewart v. Director of Revenue*, 702 S.W.2d 472, 475–476 (Mo. banc 1986); *Schranz v. Director of Revenue*, 703 S.W.2d 912, 913 (Mo.App.1986).

The judgment is affirmed.

FLANIGAN, P.J., and GARRISON, J., concur.