**MID–WEST MANAGEMENT TRUST,
Nancy Stillman, Successor
Trustee, Appellant,**

v.

**STILLMAN LAND COMPANY,
a Missouri Corporation,
Respondent.**

**No. 19422.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 21, 1994.
Rehearing Denied Dec. 13, 1994.

Stephen P. Sokoloff, Kennett, for appellant.

G.H. Terando, Edmundson, Terando, Hopkins & Ellis, Poplar Bluff, for respondent.

MONTGOMERY, Judge.

In this court-tried case, Nancy Stillman, as Successor Trustee of the Mid–West Management Trust (Plaintiff), appeals from a judgment in favor of Defendant Stillman Land Company (SLC), a Missouri corporation.

Plaintiff pled and tried the case on a theory of express contract. The meager facts adduced at trial [1] reveal that James Stillman (the now deceased husband of Plaintiff), as Trustee of the Mid–West Management Trust, borrowed a total of $272,528 from the First Midwest Bank of Poplar Bluff in two separate transactions in 1991. James Stillman executed two promissory notes payable to the bank and secured each note with a deed of trust on a farm which was the major asset of the trust. Mr. Stillman placed the proceeds from both loans in a bank account which was in the name of SLC.

After the notes became delinquent the bank foreclosed on the farm. Sometime during this period James Stillman died and his wife became the trust's successor trustee.

Evelyn Stillman, the mother of James Stillman, testified that she and her son "both jointly owned 100 percent of one share of stock that was issued" in SLC. She further testified that she was an officer and member of the board of directors of SLC and that she was unaware of any loans obtained by her son from the bank. She emphasized that SLC had no corporate needs for additional money.

In her petition, after describing the two loans obtained by James Stillman, plaintiff alleged that "it was understood and agreed to between the parties hereto that [SLC] would be obligated for any amounts owed to First Midwest Bank of Poplar Bluff and make such principal and interest payments as they became due." Based on Plaintiff's pleaded theory of recovery and the minimal evidence adduced, the trial court entered judgment in favor of SLC.

On appeal Plaintiff raises two issues. She first claims that her action against SLC was "one for monies had and received," and based on this theory the judgment was against the weight of the evidence. In the second point, Plaintiff claims that the judgment was against the weight of the evidence because SLC "became unjustly enriched by the funds, and equity dictates repayment of such funds."

The issues raised here are based on theories of implied contract. *See Salisbury R–IV Sch. Dist. v. Westran R–I Sch. Dist.,* 686 S.W.2d 491, 497 (Mo.App.1984) (action for money had and received), and *Green Quarries, Inc. v. Raasch,* 676 S.W.2d 261, 264 (Mo.App.1984) (action on principle of unjust enrichment). Neither of these theories was presented to the trial court by Plaintiff's pleadings.

An appellate court reviews a case only upon the theory tried, and a party will be held to that theory on appeal. *In re Marriage of Hunter,* 614 S.W.2d 277, 278 (Mo.App.1981). "On appeal a party is bound by the position he took in the circuit court." *Id.* An appellant "is not entitled to relief on the basis of what he claims he could, but did not, plead as a theory of recovery." *Zobel v. Gen. Motors Corp.,* 702 S.W.2d 105, 106 (Mo. App.1985).

The judgment is affirmed.

SHRUM, C.J., and FLANIGAN, J., concur.

---

1. All the testimony presented at trial covers seven pages in the transcript.