J-A01029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KIMMEL & SILVERMAN, PC AND ALEXANDER HOUCK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1702 EDA 2019 |
| HYUNDAI MOTOR AMERICA | : | |

Appeal from the Order Entered April 30, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2016-11917

BEFORE:   NICHOLS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 06, 2020**

Kimmel & Silverman, PC (Kimmel) and Alexander Houck (Houck) (collectively, Appellants) appeal from the trial court's order denying their motion for attorneys' fees and costs.  We affirm.

The trial court recounted the factual and procedural background as follows:

> This case originated as a claim filed before a Magisterial District Judge on March 8, 2016, by [Kimmel], against [Hyundai Motor America (Appellee)].  On June 1, 2016, the Magisterial District Judge entered judgment in favor of [Appellee].  On June 13, 2016, Kimmel filed an appeal to [the trial c]ourt.  On March 31, 2017, upon [p]raecipe filed by [Appellee], the [p]rothonotary entered a judgment of non-pros against Kimmel for failure to file a complaint.  On April 7, 2017, Kimmel filed Plaintiff's Petition to Reinstate the Complaint and/or for Relief from Judgment of Non Pros or by Default.  By [o]rder of August 30, 2017, the [c]ourt, by

_____

[*] Retired Senior Judge assigned to the Superior Court.

the Honorable Steven C. Tolliver, Sr., granted the [p]etition and ordered that the praecipe for non-pros be stricken and that Kimmel file a complaint within ten days.

A [c]omplaint was filed on September 11, 2017. In addition to Kimmel, [Houck] was also named as a [p]laintiff. The [c]omplaint averred that on or about January 1, 2008, [Houck] purchased a preowned Hyundai vehicle, which turned out to have serious defects. The [c]omplaint further averred that on or about April 7, 2011, a settlement was agreed to, under which [Appellee] was to pay $1,500 in damages to [] Houck and $1,500 in attorney fees to Kimmel. Attached to the [c]omplaint was an email exchange between counsel, in which [Appellee's] attorney offered $3,000 in settlement and stated, "let me know and I can send a release this week," and a Kimmel attorney replied, "[w]e are settled for the $3,000." (Compl., Ex. B.)[.] The email exchange did not specify how the $3,000 figure was to be allocated between damages and counsel fees. [] Houck did not sign a Settlement Agreement and Release until February 19, 2016. (Compl., ¶ 12 & Ex. C.)[.] The [c]omplaint stated that [Appellee] had failed to pay the agreed-upon settlement amount of $3,000.

The [c]omplaint was brought in three counts. Count 1, under the Magnuson-Moss Warranty — Federal Trade Commission Improvement Act, Pub. L. No. 93-637, 88 Stat. 2183 (1975) (codified at 15 U.S.C. §§ 2301-2312 and elsewhere) ("Magnuson-Moss Act"), and Count II, under the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to -9.3 ("UTPCPL"), were brought on behalf of [] Houck alone. Count III, for breach of contract — i.e., the settlement agreement — was brought on behalf of [] Houck and Kimmel.

On January 3, 2018, [Appellants] filed the Plaintiffs' Motion to Enforce Settlement and for Resulting Counsel Fees. The [m]otion sought enforcement of the settlement agreement reached on April 7, 2011. Consistent with the title of the [m]otion, the supporting [m]emorandum contained, in the [c]onclusion section, a brief request for "attorney's fees to file the instant motion." (Mem., at 15)[. Appellee] filed an Opposition to the Motion, including a Cross-Motion for Summary Judgment. Following a hearing, the Honorable Arthur R. Tilson issued an [o]rder dated June 18, 2018 granting the Motion to Enforce Settlement and denying the Cross-Motion for Summary Judgment.

On September 4, 2018, [Appellants] filed the Plaintiffs' Motion for Resulting Counsel Fees and Costs []. The [m]otion sought an award of all counsel fees and expenses incurred in connection with the prosecution of the case before the Magisterial District Judge and [the trial c]ourt, for a total of $5,577.40. The [m]otion acknowledged that in response to Judge Tilson's [o]rder, [Appellee] had paid the settlement amount of $3,000, of which $1,500 was for attorney fees. (Mot. For Fees, ¶ 10)[.] The only statutory authority cited as a basis for an additional award of counsel fees and expenses was the Magnuson-Moss Act — specifically, section [3]10(d)(2) of the Act, 15 U.S.C. § 2310(d)(2). [Appellee] filed a [r]esponse in opposition to the [m]otion. On April 30, 2019, this [c]ourt issued an [o]rder denying the [m]otion for [f]ees.

[Appellants] filed a timely [n]otice of [a]ppeal from that [o]rder on May 29, 2019. In a subsequently filed Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), [Appellants] made clear that their appeal was limited to the denial of the [m]otion for [f]ees.

Trial Court Opinion, 7/29/19, at 1-3 (footnote omitted).

On appeal, Appellants raise the following issue for review:

Should a consumer be entitled to recover reasonable attorneys' fees and costs that he had to incur in order to secure payment on a valid and binding settlement of his claims under the Magnuson-Moss Warranty Act?

Appellants' Brief at 3.

To begin, we note that "[t]rial courts have great latitude and discretion in awarding attorney fees when authorized by contract or statute." **Cummins v. Atlas R.R. Const. Co.**, 814 A.2d 742, 746 (Pa. Super. 2002) (citations omitted). "Generally, the denial of a request for attorneys' fees is a matter within the sound discretion of the trial court, which will be reversed on appeal only for a clear abuse of discretion." **Id.** (citations omitted).

An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, bias, or ill-will, or such lack of support as to be clearly erroneous.

*Sommers v. UPMC*, 185 A.3d 1065, 1071 (Pa. Super. 2018) (citation omitted).

Instantly, Appellants claim that the trial court erred when, "in its discretion, deemed it inappropriate to award [Appellants'] any portion of the [attorneys'] fees and costs necessarily attendant" to the litigation against Appellee. Appellants' Brief at 6. Appellants argue they are entitled to attorneys' fees under the Magnuson-Moss Act for Kimmel's legal work done on behalf of Houck to enforce the parties' settlement agreement. *Id.* Upon review, we are not persuaded the trial court abused its discretion.

The relevant portion of the Magnuson-Moss Act provides:

**(d) Civil action by consumer for damages, etc.; jurisdiction; recovery of costs and expenses; cognizable claims**

**(1)** Subject to subsection (a)(3) and (e), a consumer who is damaged by the failure of a supplier, warrantor, or service contract, may bring suit for damages and other legal and equitable relief--

> **(A)** in any court of competent jurisdiction in any State or the District of Columbia; or

> **(B)** in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

**(2)** If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, **unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate**. . . .

15 U.S.C. § 2310(d)(1)-(2) (emphasis added).

Referencing the Magnuson-Moss Act, our Supreme Court stated:

Generally, where the award of attorneys' fees is authorized by statute, an appellate court reviews the propriety of the amount awarded by the trial court under an abuse of discretion standard. . . . The authorizing statute here—[the Magnuson Moss Act]—is a federal statute. The construction of a federal statute is a matter of federal law. Pursuant to federal rules of statutory construction, the courts consider the particular statutory language, as well as the design of the statute and its purposes in determining the meaning of a federal statute. But if the [Magnuson Moss Act's] language is clear, we should refrain from searching other sources in support of a contrary result.

***Samuel-Bassett v. Kia Motors America, Inc.***, 34 A.3d 1, 51 (Pa. 2011)

(citations omitted).

Consistent with the foregoing, the trial court explained:

In the present case, this [c]ourt determined, in its discretion, that the $1,500 paid to Kimmel as part of the settlement was sufficient and that an award of additional fees and expenses would be "inappropriate." Although the settlement agreement in this case was reached in April 2011, [] Houck did not sign and deliver the written Settlement Agreement and Release until February 2016 — almost five years later. Throughout this litigation, [Appellee] took the position that the execution and delivery of that document within a reasonable time was a condition of the settlement agreement and that [Appellee] was discharged from its obligations under the settlement agreement by reason of the delay in signing and returning the

document. Throughout this litigation, [Appellants] did not proffer any explanation for their extraordinary delay. [Appellants] have insisted that execution and return of the document was not a condition of the settlement, but the fact remains that they did not commence this litigation until March 8, 2016 — eighteen days after [] Houck's signature. [Appellee's] interpretation of the settlement, although ultimately rejected by Judge Tilson, was by no means unreasonable.

This [c]ourt concluded that the purpose of [S]ection 110(d)(2) — to encourage consumers to pursue their rights under the Magnuson-Moss Act even when the amount at issue is small, *see, e.g., Ernst v. Deere & Co.*, 886 A.2d 845, 849 (Conn. App. 2005) — is fully vindicated by the recovery of $1,500 in counsel fees under the settlement. Where [Appellants], through their delay, bear a substantial part of the responsibility for what should have been unnecessary settlement-enforcement litigation, it would not serve the purposes of the Act to reward [Appellants] with an additional recovery of fees.

Trial Court Opinion, 7/29/19, at 4 (emphasis and footnote omitted).

Based on our review of the record, we discern no error. Section 2310(d)(2) of the Magnuson-Moss Act specifies that the allowance of attorneys' fees and costs is within the complete discretion of the trial court. *See* 15 U.S.C. § 2310(d)(2). In exercising its discretion, the trial court may decline to award fees and costs if it determines that such an award would be inappropriate. *Id.*; *see also Trost v. Porreco Motors, Inc.*, 443 A.2d 1179, 1181 (Pa. Super. 1982) ("[S]ection 2310(d)(2) of 15 U.S.C.A. specifies that the allowance of [attorneys' fees] is within the discretion of the court."). In denying Appellants' motion, the trial court concluded that the "$1,500 paid to Kimmel as part of the settlement was sufficient and that an award of additional fees and expenses would be 'inappropriate.'" Trial Court Opinion, 7/29/19, at 4. Appellants fail to identify, and our review does not reveal, a basis for finding

that the trial court abused its discretion. We thus affirm the trial court's order denying Appellants' motion.

Order Affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/20